## THE STATE v. PLATNER.

1. **Board of Supervisors:** POWERS: STEWARD OF POOR HOUSE. The board of supervisors may remove the steward of the poor house at their pleasure, and they cannot contract with one for a specified time in such a way as to deprive themselves or their successors of the power of removal.

2. ——: ——: ——. The poor farm is appurtenant to the poor house, and whoever is appointed steward of the poor house becomes *ipso facto*, steward of the poor farm.

*Appeal from Jones District Court.*

FRIDAY, APRIL 21.

THIS is a proceeding by *quo warranto* to test the right of the defendant to hold the office of steward of the poor house of Jones county. The petition avers that on the first day of January, 1875, the defendant was, by appointment of the board of supervisors, steward of the poor house of Jones county at a salary of $700 a year, and that, at the January session, 1875, the board discharged and removed him and appointed as steward one J. N. Marble.

The answer of the defendant denies that the board of supervisors discharged or removed him, but does not deny that J. N. Marble was appointed Steward. The answer also sets up a contract whereby the defendant was appointed steward for three years ending March 1, 1877. The plaintiff demurred to the answer. The court sustained the demurrer, and the defendant appeals.

*King & Dietz*, for appellant.

*Sheean & McCarn*, for appellee.

ADAMS, J.—I. The essential facts admitted by the pleadings are, that the board of supervisors entered into a contract **1. BOARD of** with the defendant whereby he agreed to perform **supervisors:** **powers:stew-** the duties of steward of the poor house for the **ard of poor** **house.** period of three years, ending March 1, 1877, and

the county agreed to give him a salary of $700 a year. Afterwards the board appointed J. N. Marble steward for the year beginning March 1, 1875. The legal question to be answered is: Did the defendant continue to hold the office of steward rightfully after the first day of March, 1875? The Code provides that the board of supervisors may remove the steward at pleasure. While we have great doubt whether the appointment of Marble, without something more, could operate as a removal of the defendant, we will not consider that question because the case seems to have been tried upon the supposition that the defendant was removed, provided the board of supervisors had power to remove him. As the statute provides that the steward may be removed at the pleasure of the board, the defendant was, of course, removable, unless the board had deprived themselves of that power by the said contract which they had made with him. But we are of the opinion that a board of supervisors cannot contract with a favorite appointee for such time and salary as they may see fit, so as to deprive subsequent boards, or even themselves, of all control over the matter. The power to remove at pleasure is given to the board for a wise purpose, and they should not be allowed to divest themselves of it.

II. The contract between the county and the defendant, to which reference has been made, is in these words: "Whereas, the board of supervisors of Jones county have entered into the following agreement between John Platner, the present steward of the poor farm, and the aforesaid supervisors, the condition is as follows: Said Platner to be retained in his present position as steward of the poor farm for the term of three years, from the first day of March, 1874, for the present salary, to-wit: $700 per annum, he agreeing to discharge the duties incumbent upon his position to the best of his ability.

"JOHN PLATNER, *Steward.*
JOHN WAITE,
*Committee on Poor Farm.*"

It is claimed by the appellant, Platner, that he was something more than steward of the poor house, which officer the

statute provides is removable at the pleasure of the board; that he had previously been acting as steward of the poor farm as well as the poor house, in regard to which it was competent for the board to make an irrevocable contract for three years, and that the contract in question, expressly recognizing him as steward of the poor farm, is irrevocable.

We do not think that this position can be maintained. Sec. 1376 of the Code provides, that the steward of the poor house may require of the inmates such reasonable and moderate labor as may be suited to their ages and bodily strength, the proceeds of which, together with the receipts of the poor farm, if there be one, shall be appropriated to the use of the poor house in such manner as the board may determine. From this provision we infer that the poor farm is regarded as appurtenant to the poor house, and that whoever is appointed steward of the poor house, as the Code provides, becomes thereby steward of the poor farm. If the inmates of the house are to be worked on the farm, the house and farm should have one steward, and such we believe to be the law. According to this view the appellant cannot claim that, because he was designated in the contract as steward of the poor farm, he is not removable.

                                                    AFFIRMED.