STATE OF IOWA ex rel. DAN DOHERTY, Appellee, v. PETER VAN PEURSEM et al., Appellants.

**SCHOOLS AND SCHOOL DISTRICTS:** Organization—Majority Vote in Additional Territory. An existing independent school district composed of the territory within a city or town and certain rural territory may not be formed into a new independent district composed of the existing territory and *additional* rural territory unless a majority of the voters in such *additional* territory vote in favor of such new district. (Sec. 4191, Code of 1924.)

Headnote 1:  35 Cyc. p. 850.

*Appeal from Sioux District Court.*—B. F. BUTLER, Judge.

OCTOBER 26, 1926.

Action in quo warranto on the relation of a taxpayer, denying the right of defendants to hold offices in a claimed newly organized independent school district. From a judgment for the relator the defendants appeal.—*Affirmed*.

*Van Oosterhout & Kolyn*, for appellants.

*C. W. Pitts* and *Anthony Te Paske*, for appellee.

VERMILION, J.—Prior to the commencement of the proceedings the legality of which is questioned in this action, there was in existence an Independent School District of Maurice, Sioux

County, which included within its boundaries all the territory within the corporate limits of the town of Maurice and certain territory outside of and contiguous to the town. The town of Maurice contains more than 100 residents. A petition signed by more than 10 voters of the town, and another signed by a majority of the resident electors of certain contiguous territory described therein, asking for the formation of a new independent district, to include the town and the described contiguous territory, were presented to the board of directors of the existing independent district. The territory outside the limits of the town, which it was proposed to include in the new district, comprised all of such contiguous territory as was then within the existing district, and certain territory not then a part of the district. These proceedings were taken under authority of Section 4141 of the Code of 1924, and there is no contention that the statute was not complied with.

At the election, called and held in pursuance of appropriate action of the board on these petitions, as authorized by Section 4142, under the mandatory injunction of the district court, separate ballot boxes were used, one for the voters residing in the town, another for those residing outside the town and within the existing independent district, and a third for those residing outside the existing district. The proposition for the creation of the new district received a majority of 32 in the town, and of 41 in the territory outside the town and within the old district, but was lost in the territory outside the existing district by a majority of 28. The board found that the proposition had carried both in the town and in the territory outside the town, and declared the proposed district established. The appellants, who were directors and officers of the old district, claim, under the provisions of Section 4144, to be officers and directors of such newly established district. Their contention must be sustained if the proposed new independent district was legally established, but denied if it was not so established.

The statutes under which the establishment of the new district was attempted are as follows:

"4141. Upon the written petition of any ten voters of a city, town, or village of over one hundred residents, to the board of the school corporation in which the portion of the city or town having the largest number of voters is situated, such board

shall establish the boundaries of a proposed independent district, including therein all of the city, town, or village, and also such contiguous territory as is authorized by a written petition of a majority of the resident electors of the contiguous territory proposed to be included in said district, in subdivisions not smaller than the smallest tract as made by the government survey in the same or any adjoining school corporations, as may best subserve the convenience of the people for school purposes, and shall give the same notices of a meeting as required in other cases.

"4142. At the meeting all voters upon the territory included within the contemplated independent district shall be allowed to vote by ballot for or against such independent organization. When it is proposed to include territory outside the city, town, or village, the voters residing upon such outside territory shall vote separately upon the proposition for the formation of such new district. If a majority of the votes so cast is against including such outside territory, then the proposed independent district shall not be formed. When such territory is included in an independent district, adequate school facilities shall be provided for the increased attendance."

Section 4191, however, provides:

"Whenever it is proposed to extend the limits of, or add territory to, an existing independent city, town, or consolidated district, the voters residing within the proposed extension or addition and outside the existing independent district, shall vote separately upon the proposition. The proposition must be approved by a majority of the voters voting thereon in each of such territories."

It is the contention of appellee, and the court below so held, that this latter section required that the proposition for the establishment of the proposed new independent district be approved by the voters in the territory outside the boundaries of the old district, and that, since the majority in such territory was against the proposition, the proposed district was not established. The claim of appellant is that Section 4191 has no application to the establishment, under Sections 4141 and 4142, of a new independent district, but that, according to its terms, it applies only where it is proposed to extend the limits of, or add territory to, an existing district.

Prior to the enactment of Section 4191, we had said that all

the territory outside the town limits was "outside territory," within the meaning of Section 2794, Code of 1897 (now Sections 4141 and 4142), and that a school board did not act irregularly in submitting the proposition of the establishment of a proposed independent district, to consist of the territory of an existing independent district that included a town and contiguous territory and territory outside the old district, separately to the voters in the town and those outside of the town. *School Dist. Twp. of Union v. Independent Sch. Dist.*, 149 Iowa 480. Though we do not question the correctness of this holding under the statutes then existing, it does not follow that Section 4191 is not applicable to the present situation.

It is plain that the only practical effect of the establishment of the proposed independent district was to add territory to an existing independent district. Section 4191 provides that, whenever it is proposed to extend the limits of, or add territory to, an existing district, the voters in the proposed extension and outside the existing district shall vote separately, and the proposition must be approved by a majority in each of such territories. Indeed, the section would appear to be peculiarly applicable to a situation like the present, where, under the prior statute, as construed in the above cited case, it was possible for an independent district that included an incorporated town and outside contiguous territory, when all residents in territory outside the town voted together, to annex, under the form of creating a new district, other territory by the vote of residents of the original district, and against the wishes of the voters of the territory annexed. The situation is well illustrated by the facts of the present case. Although the vote in the territory it was proposed to add to the old district by the creation of the new one was, with the exception of a single vote, solidly against the proposition, when the vote in that territory is combined with the vote outside the town and within the old district, the majority outside the town favored the proposition. The reasoning that would justify the requirement that the proposition be separately approved by the voters in the territory outside a town, where the limits of the town and the old school district were coextensive, would be as cogent in such a situation as this. The statute would appear to have been intended to cure the anomalous situation previously existing, and to secure to the voters residing in

territory proposed to be added to another district by action of the electors the right to vote separately upon the proposition, and to defeat it by an adverse majority in the territory proposed to be added. The only question before us is whether Section 4191 applies to the proceeding authorized by Sections 4141 and 4142. We hold that it does. Whether it may have a broader application we do not determine.

There is no merit in the contention that to construe Section 4191 as applicable to the situation in hand is to repeal Section 4142 by implication. Section 4191 but adds another prerequisite, in a proper case, to the establishment of a new district.

The legislative history of Section 4191 confirms this view. In the process of code revision in the extra session of the fortieth general assembly, a bill for an act to amend, revise, and codify, among others, certain designated sections of the statute relating to the establishment of independent districts, including Section 2517 of the Compiled Code (corresponding to Section 2794, Code of 1897, and to Sections 4141 and 4142 of the present Code) was adopted, after being amended by adding thereto what is now Section 4191 of the Code of 1924.

We agree with the trial court that the failure of the voters in the territory outside the old district to approve the proposition submitted to them defeated the establishment of the proposed new independent district, and that the offices claimed by appellants in such district did not exist. The judgment is— *Affirmed.*

DE GRAFF, C. J., and STEVENS and FAVILLE, JJ., concur.