E. W. HAHN, Appellant, v. CLAYTON COUNTY et al., Appellees.

No. 42554.

JUNE 23, 1934.

Alex Holmes, for appellant.

A. H. Borman, County Attorney, for appellees.

DONEGAN, J.—The board of supervisors of Clayton county consists of three members who are so elected that the term of one such member expires on the 2d day of January in each year. In December, 1933, the board as then constituted consisted of Haberichter, Ruegnitz, and Brown. At a meeting held on the 6th day of December, 1933, such board elected E. W. Hahn as county engineer for the year 1934, at a salary of $1,800 per year. Two votes were cast in favor of such action by Haberichter and Ruegnitz, and one vote against such action was cast by Brown. On the 2d day of January, 1934, said Haberichter retired as a member of the board, and Charles Fay, who had been elected to succeed him at the November election in 1932, duly qualified and became a member of said board. The board as thus constituted was duly organized, and, at a meeting held on the 20th day of January, 1934, a motion was passed disapproving and annulling the action of the board at its December session in appointing E. W. Hahn as county engineer for the year 1934, and discharging said Hahn, such discharge to be effective at the end of the month of January, for the reason that said board as then constituted was without power or authority to make such appointment binding on the board for the year 1934 as now constituted. Two votes were cast in favor of said motion by Brown and Fay, and one vote was cast against said motion by Ruegnitz. Following this action the new board proceeded to appoint another person as county engineer for the balance of the year 1934.

On the 30th day of January, 1934, said Hahn filed his petition in this case in the district court of Clayton county, alleging his election, his attempted discharge by the board as now constituted, that he was an ex-service man and an honorably discharged soldier of the war with Germany, that the said board had no power or authority to remove or discharge him from said office, and asking that a writ of certiorari issue and that the said proceedings of said board in attempting to remove and discharge him be annulled, set aside, and held for naught. A writ of certiorari issued, as prayed, and upon hearing in the district court such court found in favor of the defendant board and entered a decree dismissing the plaintiff's petition and quashing the writ of certiorari. From such decree the plaintiff appeals.

The statute covering the appointment of county engineers, which was in effect in December, 1933, is section 4644-c19 of the Code of 1931, and is as follows:

"4644-c19. * * * The board of supervisors shall employ one or more registered civil engineers who shall be known as county engineers. The board shall fix their term of employment which shall not exceed three years, but the tenure of office may be terminated at any time by the board."

The statutes which appellant claims deprive the appellee board of the right to discharge him are contained in what is known as the Soldiers' Preference Law. The first section of said law, section 1159, Code of 1931, provides, in substance, that in every public department and upon all public works in the state, and of counties, cities, and certain other public and quasi-public corporations, honorably discharged soldiers, including those who took part in the war with Germany, shall be entitled to preference in appointment, employment, and promotion over other applicants of no greater qualifications.

Section 1163, of the Code of 1931, contains the provisions of said law with regard to removal, and is as follows:

"1163. * * * No person holding a public position by appointment or employment, and belonging to any of the classes of persons to whom a preference is herein granted, shall be removed from such position or employment except for incompetency or misconduct shown after a hearing, upon due notice, upon stated charges, and with the right of such employee or appointee to a review by a writ of certiorari."

Appellant contends that his appointment by the board at its meeting in December, 1933, was a valid appointment, and that, he being an honorably discharged soldier in the war with Germany, the action of said board in attempting to remove him is invalid and void under the provisions of the statute above quoted. Appellees, on the other hand, contend that the appointment which was attempted to be made by the board at its December meeting in 1933 was illegal, and that, even if such appointment had been legal, the board is expressly authorized by section 4644-c19 to terminate the tenure of office of the county engineer at any time. It is apparent that two questions are therefore presented for our determination: First, was the appointment of the appellant made by the board of supervisors at its December meeting in 1933 a valid appointment, and, second, if such appointment was valid, did the board have the power to remove the appellant and terminate his tenure of office?

 I. Appellees contend that, notwithstanding the provision of section 4644-c19 giving the board the power to fix the term of employment of the county engineer, which shall not exceed three years, the board as constituted in 1933 had no power to make an appointment which would be binding on the new board as constituted during the year 1934. The provisions of the Code of 1931, in reference to county engineers, are found in sections 4644-c19 to 4644-c23, Code of 1931, and were enacted as a part of chapter 20 of the Acts of the Forty-third General Assembly. These statutes provide not only for the appointment and removal of county engineers, but also contain provisions to the effect that such engineers shall work under the directions of the board, shall give bond for the performance of their duties, shall file itemized and verified accounts with the board, stating the time, place, and character of work done, and vouchers for any expense incurred, and that all construction and maintenance work shall be performed under the direction and immediate supervision of such engineers. Appellees argue that these provisions of the statutes, taken in connection with the positive provision of section 4644-c19, authorizing the board to terminate the tenure of office of such engineer, indicate that it was the intention of the legislature that the board to which such engineer should be subject, and which was responsible for the carrying out of all construction and maintenance work by him, should have the right to appoint such engineer. In other words, it is appellees' contention that the board of 1934 should not have foisted upon it and be made responsible for a county engineer by the deciding vote of the retiring member of the 1933 board. In support of their contention appellees cite Burkhead v. Independent District, 107 Iowa 29, 77 N. W. 491, and Independent School District of Liberty v. Pennington, 181 Iowa 933, 165 N. W. 209, 210. In Burkhead v. Independent District a school board agreed to employ a teacher for a period of five years, and the question involved was whether the board had the power to make such a contract. The opinion states that the statutes then in effect were silent as to the duration of such contract, and that, if a limitation existed as to the time a teacher might be engaged, it must be inferred from other provisions of the law or because of public policy. The opinion then proceeds to show that other provisions of the law indicate an intention that the term of such employment shall not exceed one year, and states:

"We think that an examination of the statutes leads to the inevitable conclusion that the legislature intended such contracts to be limited in duration to the school year as determined by the board of directors. If not so ·limited, then the directors might employ teachers for any number of years, tie up the hands of their successors in office, and wrest from the control of the people the schools which they· are required to support. The spirit of these statutes is repugnant to the idea that one board of directors, by contract wholly to be performed in the future, can devest future boards of the power to select teachers, and make contracts therefor, and indirectly take from the people all the advantages to be derived from annual elections. This conclusion is strengthened by the universal practice of employing a teacher for a single school year."

In Independent School District v. Pennington, the outgoing school board of a rural independent district attempted to employ a teacher for the school year which would be wholly within the term of office of the members of the new board, and the court held that, although a statute then in effect permitted a contract for a longer period than one year in certain districts, it had no application to the rural independent school district, and approved and followed the holding in the Burkhead case.

It will be noted, however, that, in the Burkhead case, while this court found that the board could not make a contract for more than one year, we stated:

"The board of directors represents the district,—from a legal standpoint, is the district. It is a continuing body. The officers change, but the corporation continues unchanged. The contracts are of the corporation, and not of the members of the board individually. It is not essential, then, that contracts be limited to the terms of office of the individuals making up the board."

And in Independent School District v. Pennington, we referred to this statement in the Burkhead case and said:

"Of course, as pointed out in the case last above cited, it is not essential that a contract be limited by the terms of individual members."

Appellees also cite State v. Platner, 43 Iowa 140; Kitterman v. Supervisors, 137 Iowa 275, 115 N. W. 13; and Palo Alto County v. Ulrich, 199 Iowa 1, 201 N. W. 132. In State v. Platner, the stat-

ute in force authorized the board to appoint a steward of the county poorhouse and to remove him at the pleasure of the board. The board entered into a contract with Platner agreeing that he should be retained for three years. The board afterwards appointed another steward, and the question involved was whether the board had deprived itself of the right to remove Platner by its agreement employing him for three years. The court held: "The power to remove at pleasure is given to the board for a wise purpose, and they should not be allowed to divest themselves of it." In the case of Kitterman v. Supervisors, the plaintiff had been appointed janitor of the courthouse without fixing any definite term. A later board appointed him for a term of one year and at the expiration of such year attempted to remove him. The question determined was that, under the Soldiers' Preference Law, the plaintiff, having been appointed for an indefinite term, the board could not terminate such term by fixing a definite period of employment. In Palo Alto County v. Ulrich there was involved the approval by the board of supervisors of a county depository, and it was contended that the board had no power to designate or approve a depository for a longer period than the tenure of office of the members of the board. Appellees stress the statement contained in the opinion wherein it is said:

"While the board of supervisors is a continuous body, it is no doubt true that, as constituted at a given time, it could not by a present designation and approval of a depository bond bind the board as thereafter constituted."

In the opinion in that case, however, the language above quoted is followed by this statement:

"But it is, we think, plain that the board of supervisors having designated and approved a bank as a depository of county funds, such approval is effective, and constitutes authority for the deposit therein of county funds by the treasurer, where provisions of the statute with respect to the bond of the depository have been complied with until it is revoked or a new depository is approved."

This language clearly indicates that the designation made by the board was valid. If it was not valid, it could not remain in effect until revoked or a new depository approved. That the designation was valid was expressly stated later in the opinion.

It will be noted that in none of the cases above referred to was

there a statute expressly authorizing the board of supervisors or the school board to fix a term of employment for a term extending beyond the life of the appointing board. In Independent School District v. Pennington, reference was made to such a statute, but it was held that the statute thus referred to was not applicable to the rural district involved in that case. The effect of such a statute seems to have been clearly decided in the case of Consolidated School District of Glidden v. Griffin, 201 Iowa 63, 206 N. W. 86. In that case a retiring board of directors at its regular meeting in March elected the defendant, Griffin, as superintendent for the two ensuing years commencing September following. Immediately following this action, two newly elected members were sworn in. A month later the new board passed a resolution declaring the contract with the defendant to be void. Shortly thereafter, the school board commenced an action to annul the action of the old board. The statute in effect at that time provided that:

"The board of directors of any independent school district or school township where there is a township high school shall have power to employ a superintendent of schools for one year. After serving at least seven months, he may be employed for a term of not to exceed three years."

The defendant had served more than seven months at the time of the election in question. The plaintiff contended that the old board had no power to employ a superintendent for more than one year, and that it had no authority to contract for the services of a teacher to be performed during the term of office of the succeeding board. The trial court entered a decree in favor of the defendant, and in affirming this decree we said:

"The law in force at the time the present district was organized would make the plaintiff a consolidated independent school district. Section 4230 authorizes the employment of a superintendent. It is the only section that does. It is not denied that a consolidated district may employ a superintendent. Such power seems to be conceded. If it may (by statutory authorization) employ a superintendent at all, it is by authority granted by this section, and as the authority is granted only to independent districts and to school townships having high schools, the consolidated district is necessarily an independent district within the meaning of the section. The authority granted is to employ a superintendent for a

term not to exceed three years if he had served at least seven months. The thought of the section seems to be that townships having no high school would not be expected to employ a superintendent, and that districts other than school townships are independent districts. We are therefore of the opinion that the employment in question was authorized."

Section 4644-c19 expressly provides that the board in employing county engineers "shall fix their term of employment which shall not exceed three years." It seems unquestionable that the board has the power under this statute to fix the term of employment of the county engineer for as long a period as three years. If this be true, it could not have been the intention of the legislature that a county engineer could not be employed for a period extending beyond the term of office of any member of the board, or even beyond the terms of office of a majority of the board; because, if the term of employment of the county engineer be fixed at three years, as authorized by the statute, the terms of office of two of the members of the board appointing such engineer would expire before the third year of such term of employment of the county engineer would begin.

In view of the express provision of the statute authorizing the board to employ a county engineer and fix the term of his employment at not to exceed three years, and, in view of the holding of this court in Consolidated School District of Glidden v. Griffin, supra, we hold that, in the instant case, the action of the board at its December meeting in 1933 in appointing the appellant as county engineer was pursuant to authority given to it by the statute, and that such appointment was valid.

II. This brings us to a consideration of the question of the validity of the removal of appellant by the board at its meeting in January. The statute, section 4644-c19, expressly provides that as to such county engineers "the tenure of office may be terminated at any time by the board." Appellant contends, however, that this provision of the statute is not effective in this case, because it is subject to and controlled by the provisions of the Soldiers' Preference Law which provide that the appellant cannot be removed except for incompetency or misconduct shown after a hearing, upon due notice and upon stated charges.

Appellees argue that the provisions of the Soldiers' Preference

Law in regard to removal are not applicable to the removal of a county engineer, because, if the spirit of all this legislation be taken into consideration, it appears that, the county engineer being appointed by the board of supervisors, being subject to and accountable to such board, and being the person upon whom such board must rely for the carrying out of its plans and projects, the legislature intended that both the appointment and the removal of such officer should rest exclusively in the board. Appellees further argue that the provision as now contained in section 4644-c19, which authorizes the board to terminate the tenure of office of the county engineer at any time, was first enacted as a part of chapter 20 of the Acts of the Forty-third General Assembly, and long subsequent to the enactment of the provisions as contained in section 1163 of the Soldiers' Preference Law, and that the express and positive provision of said section 4644-c19 in authorizing the board to terminate the tenure of office of the county engineer at any time, therefore, must be construed as repealing the restriction on such power of removal as contained in the Soldiers' Preference Law, as far as the office of county engineer is concerned.

Appellees cite several cases dealing with principles and rules of construction in support of their contention that the legislature intended that the authority to remove given the board should not be subject to the provisions of the Soldiers' Preference Law. One of the first and most controlling maxims of construction, however, is that, where the language of a statute is plain and unambiguous, there is no room for construction. As said in 12 C. J. 1302:

"Construction can only be employed for the discovery of the true intent and meaning of an instrument, and when the language is plain there can be no construction, because there is nothing to construe; hence, the term can have no application to a statute in which there is nothing doubtful or ambiguous in its terms."

Section 1163 plainly provides that a person coming within the Soldiers' Preference Law cannot be removed except for incompetency or misconduct shown after a hearing, upon due notice, upon stated charges. This language is absolutely plain and unambiguous and leaves nothing for construction. It may be conceded that, when absurd consequences or some fatal evil must result from following the plain and unambiguous language of a statute, resort may be had to the principles and rules of construction. People v. N. Y.

Cent. R. Co., 24 N. Y. 485; Uphoff v. Industrial Board, 271 Ill. 312, 111 N. E. 128, L. R. A. 1916E 329, Ann. Cas. 1917D 1. We do not think, however, that giving to the statute here involved the plain meaning of its language would cause such absurd consequences or fatal evil that the plain meaning of such language must be avoided.

Nor do we think that appellees' contention that the provisions of the Soldiers' Preference Law in regard to removal were repealed by the enactment of section 4644-c19, giving the board the power to terminate the tenure of the office of the county engineer at any time, can be sustained. Chapter 20 of the Acts of the Forty-third General Assembly, where this power was conferred upon the board of supervisors, contains a great many provisions and repeals several statutes previously in force which are specifically mentioned both in the preamble and in the body of the act. No specific mention is made in either the preamble or in the body of the act of the statute concerning removal in the Soldiers' Preference Law, nor is there any provision in said act that expressly repeals any laws or parts of laws in conflict therewith. It is a well-established rule that repeals by implication are not favored, and that "in order to work the repeal, by implication, of an old law by a new one, there must be an absolute repugnancy between the two." State v. Shaw, 28 Iowa 67, loc. cit. 78, 79; State v. Brandt, 41 Iowa 593; State v. Higgins, 121 Iowa 19, 95 N. W. 244; State ex rel. v. Iowa Telephone Co., 175 Iowa 607, 154 N. W. 678, Ann. Cas. 1917E 539. We do not think there is such absolute repugnancy between the provisions of section 1163 and section 4644-c19 as to require a holding that the former statute has been repealed by the latter. The intention of the legislature in enacting the Soldiers' Preference Law and prohibiting the removal of those holding positions thereunder was meant to prevail in all cases to which the law is made applicable, and the enactment of section 4644-c19 must be construed as having been made subject to the provisions in regard to removal contained in section 1163. As to all persons holding the position of county engineer, other than those coming within the provisions of the Soldiers' Preference Law, the board of supervisors has the power of removal as provided by the statute. But as to those holding the office of county engineer, who come within the provisions of the Soldiers' Preference Law, the power of the board is restricted to removing them in accordance with the provisions of section 1163.

We feel constrained to hold that in this case the appointment of appellant by the board of supervisors at its meeting on December 6, 1933, was a valid appointment; that, having been validly appointed, the appellant was the occupant of said office at the time of his attempted removal in January, 1934; and that, while the board of supervisors had the general power to terminate the tenure of office of county engineers, this power was subject to the exception contained in the Soldiers' Preference Law forbidding such removal except for incompetency or misconduct shown after a hearing upon due notice and upon stated charges. In this holding, however, we base our decision on the facts of the case now before us, and we do not now decide or suggest that a board or other body is prevented, by the Soldiers' Preference Law, from discontinuing an office or employment when in their discretion there is no necessity for the services of any person in such office or employment. Other matters have been presented and argued by both sides in this case, but, as the view we take of the propositions above presented is decisive of the case, we do not deem it necessary to consider such other matters.

For the reasons above stated, we hold that the decree of the trial court was erroneous, and that the writ of certiorari theretofore issued should have been sustained.—Decree reversed, and writ sustained.

CLAUSSEN. C. J., and EVANS, STEVENS, ALBERT, MITCHELL, KINTZINGER, and ANDERSON, JJ., concur.