J. B. PETERSON et al., Appellants, v. INDEPENDENT SCHOOL DISTRICT of Broad Horn et al., Appellees.

No. 44820.

AUGUST 1, 1939.

S. E. Prall, for appellants.

Stephens & Wisdom, for appellees.

STIGER, J.—Section 4133, 1935 Code reads:

"4133. Boundary lines changed—consolidation. The boundary lines of contiguous school corporations may be changed by the concurrent action of the respective boards of directors at their regular meetings in July, or at special meetings thereafter, called for that purpose. The corporation from

which territory is detached shall, after the change, contain not less than four government sections of land, and its boundary lines must conform to the lines of congressional divisions of land. In the same manner, the boundary lines of contiguous school corporations may be so changed that one corporation shall be included in and consolidated with the other as a single corporation.''

In August 1938, the respective boards of directors of the Independent School District of Broad Horn, Warren county, Iowa, and the Consolidated School District of Truro, Madison county, Iowa, contiguous school corporations, acting under the provisions of Code section 4133, changed by concurrent action the boundary lines of said school corporations by including in and consolidating with the Truro district all the territory of the Broad Horn district as a single corporation named the Truro Consolidated School District of Madison and Warren Counties.

Plaintiffs, freeholders and electors of the Independent School District of Broad Horn, brought an injunction suit against defendants, alleging the change of boundary lines and the consolidating of the two contiguous school corporations into a single corporation was illegal and void because the proposed change of boundary lines was not submitted to a vote in each district separately as required by section 4191, 1935 Code [4144.1, C., '39].

The trial court upheld the action of the boards of directors of the two school corporations in changing the boundary lines and consolidating the corporations as a single corporation under section 4133, 1935 Code, and dismissed plaintiffs' petition.

Boards of directors have had authority to change boundary lines of contiguous school corporations since 1888. In 1906, the 31st General Assembly enacted chapter 136, amending section 2793, 1897 Code (section 4133, 1935 Code), which gave boards of directors, acting concurrently, the additional authority of changing boundary lines of contiguous corporations by consolidating one corporation with the other as a single corporation. 22 G. A., chapter 62; Section 2793, Code of 1897; 31 G. A., chapter 136; Section 2793, 1913 Supplement; Section 2514, Compiled Code of 1919; Section 4133, Code of 1935.

The contention of appellants is that section 11-a1, chapter 16, 40th General Assembly, Extra Session, which is now sec-

tion 4191, 1935 Code, modified section 2514, Compiled Code (section 4133, Code of 1935), deprived boards of directors of the power to change boundary lines and required them to submit the proposed change of boundary lines to the voters in each district under the provisions of section 4191, 1935 Code. The issue is, did said section 11-al (section 4191) modify or repeal section 2514, Compiled Code (section 4133, 1935 Code)?

The title to chapter 16, Extra Session, 40th General Assembly, reads:

"AN ACT to amend, revise, and codify sections twenty-five hundred eight (2508), twenty-five hundred nine (2509), twenty-five hundred fifteen (2515) to twenty-five hundred seventeen (2517), inclusive, and twenty-five hundred twenty-six (2526) to twenty-five hundred thirty-four (2534), inclusive, of the compiled code of Iowa, and sections twenty-five hundred twenty-four-a one (2524-al) to twenty-five hundred twenty-four-a forty (2524-a40), inclusive, and twenty-five hundred twenty-five (2525) of the supplement to said code, relating to education."

Section 11-al appears in that part of said chapter amending, revising and codifying sections 2515 to 2517, inclusive, and 2531 to 2534, inclusive, Compiled Code of Iowa. Section 2515 was repealed by 46th General Assembly, chapter 35. Section 2516 refers to a division of assets and liabilities. Sections 2517 and 2531 to 2534, inclusive, which provide for change of boundaries by election, were amended and codified by sections 8 and 9, chapter 16, 40th General Assembly, Extra Session. Said sections 8 and 9 being sections 4141 and 4142, 1935 Code.

Section 11-al reads:

"Sec. 11-al. Separate ballot. Whenever it is proposed to extend the limits of, or add territory to, an existing independent city, town or consolidated district, the voters residing within the proposed extension or addition and outside the existing independent district, shall vote separately upon the proposition. The proposition must be approved by a majority of the voters voting thereon in each of such territories."

The title of the act does not refer to section 2514, Compiled Code, the corresponding section of which is section 4133 under which the board of directors acted. The title refers to

sections 2517 and 2531 to 2534, inclusive, which provide for change of boundaries by election. The act does not purport to modify or repeal section 2514, Compiled Code (section 4133). Section 11-a1 (section 4191, 1935 Code) refers to sections 8 and 9 of said chapter 16 which are sections 4141, 4142, 1935 Code, and requires that a proposition involving a change of boundaries by election must be approved by a majority of the voters "voting thereon in each of such territories". Chambers v. Housel, 211 Iowa 314, 233 N. W. 502 holds that sections 4141, 4142, and 4191, Code of 1935, are available for a change of boundary lines of contiguous school corporations by a submission of the proposition to the voters under the provisions of said sections.

It is apparent that the legislature, in enacting section 11-a1, section 4191, 1935 Code, did not intend to modify or repeal section 2514, Compiled Code, which is not referred to in the title to the act and is now section 4133, 1935 Code, under which the board acted, but did intend to amend the above sections of the Compiled Code, which are now sections 4141, 4142, 1935 Code.

In the case of State ex rel. Doherty v. Van Peursem, 202 Iowa 545, 548, 210 N. W. 576, 577, the court had occasion to consider section 4191 and determine the purpose of its enactment. The court states:

"The statute [4191] would appear to have been intended to cure the anomalous situation previously existing [under sections 4141 and 4142], and to secure to the voters residing in territory proposed to be added to another district by action of the electors the right to vote separately upon the proposition, and to defeat it by an adverse majority in the territory proposed to be added. * * *

"There is no merit in the contention that to construe section 4191 as applicable to the situation in hand is to repeal section 4142 by implication. Section 4191 but adds another prerequisite, in a proper case, to the establishment of a new district.

"The legislative history of section 4191 confirms this view. In the process of code revision in the Extra Session of the Fortieth General Assembly, a bill for an act to amend, revise, and codify, among others, certain designated sections of the

statute relating to the establishment of independent districts, including section 2517 of the Compiled Code (corresponding to section 2794, Code of 1897, and to sections 4141 and 4142 of the present Code), was adopted, after being amended by adding thereto what is now section 4191 of the Code of 1924.''

In the case of Chambers v. Housel, 211 Iowa 314, 233 N. W. 502, decided six years after the enactment of section 4191, the boundary lines of contiguous school corporations were changed by an election held under the provisions of sections 4141, 4142, and 4191. The contention was made that the method of changing boundary lines of contiguous school corporations provided by section 4133 was exclusive and the trial court sustained this contention. The court reversed the case, holding that sections 4141, 4142 and 4191, which provided for and prescribed the method for holding an election on the proposition of a change of boundaries of a contiguous school corporation, were fully complied with and that such boundary lines could be changed either under the provision of said sections or by the method prescribed by section 4133. See State ex rel Stinman v. Spillman, 191 Iowa 1181, 183 N. W. 577.

Section 4153, 1935 Code, provides for uniting independent districts located contiguous to each other into one independent district by election, and sections 4141 and 4142 were also available to defendants if they had desired to proceed by election. We agree with the trial court that defendants also had authority to consolidate under the method provided by section 4133. The case is affirmed.—Affirmed.

OLIVER, C. J., and MILLER, BLISS, HALE, and HAMILTON, JJ., concur.

MITCHELL, SAGER, and RICHARDS, JJ., dissent.

MITCHELL, J. (dissenting)—I find myself unable to agree with the majority and respectfully dissent. The question is an all important one. First, the question of taxes may be entirely different in these two school districts, second, there may be outstanding bond issues in one district while there isn't in the other, and third, it is an obligation of the district to transport the pupils to the public school and if the consolidations permitted, the residents and citizens of the Broad Horn district will not

have had a chance to say whether or not it is feasible, reasonable or proper for their children to be transported from their homes to the Truro school. The majority base their opinion upon the construction of section 4133.

Section 4191 of the 1935 Code was passed by the General Assembly after section 4133 was passed and it is my contention that section 4191 is a general provision applicable to all phases of the law with reference to changing the boundary lines of school districts and in compliance with this section an election was necessary. I would reverse the lower court.

JUSTICE RICHARDS joins in this dissent.