W. C. DeSHAW et al., Appellants, v. SOUTH FORK TOWNSHIP SCHOOL DISTRICT et al., Appellees.

No. 45660.

NOVEMBER 18, 1941.

E. A. Johnson, for appellants.

H. J. Williamson and Yoran & Yoran, for appellees.

WENNERSTRUM, J.— The Board of the Independent School District of Hopkinton, Delaware County, Iowa, and the Board of the South Fork Township School District of Delaware County, Iowa, adopted at about the same time resolutions of a similar nature, the purpose of which was to add a portion of the South Fork Township District to the Independent School District of Hopkinton. Appellants brought an action to have declared the respective acts of the two boards null and void and of no force and effect because it is claimed the school boards were without jurisdiction to make the change in the manner followed. An injunction was asked to enjoin each of the boards from putting into effect the resolutions adopted. Upon submission of the action the court held that the two boards had acted within their legal, statutory authority and that the action which resulted in the adding of a small portion of South Fork Township School District to the Independent School District of Hopkinton was legal and proper. The court dismissed the petition of the plaintiffs and they have appealed.

It is the contention of the appellants that the two boards should have followed the provisions of section 4144.1 of the 1939 Code of Iowa, which is as follows:

"4144.1 Additions and extensions—separate vote. Whenever it is proposed to extend the limits of, or add territory to, an existing independent city, town, or consolidated district, the voters residing within the proposed extension or addition and outside the existing independent district, shall vote separately upon the proposition. The proposition must be approved by a majority of the voters voting thereon in each of such territories."

It is asserted by the appellees that they acted under the

authority of Code section 4133 of the 1935 Code of Iowa, which is as follows:

"4133. Boundary lines changed—consolidation. The boundary lines of contiguous school corporations may be changed by the concurrent action of the respective boards of directors at their regular meetings in July, or at special meetings thereafter, called for that purpose. The corporation from which territory is detached shall, after the change, contain not less than four government sections of land, and its boundary lines must conform to the lines of congressional divisions of land. In the same manner, the boundary lines of contiguous school corporations may be so changed that one corporation shall be included in and consolidated with the other as a single corporation."

The matter in controversy was submitted to the court upon an agreed statement of facts which, in substance, discloses that an election for the purpose of passing upon the change of the boundaries of the respective districts was not called and that the electors of the respective districts did not have an opportunity of voting upon the proposition. It was further stipulated that the territory that the boards sought to change in South Fork Township District was contiguous to the Independent School District of Hopkinton; that the school taxes in the Hopkinton district were higher than in the South Fork district; and that each of the respective boards had acted in good faith and in the belief that they had jurisdiction and legal authority to take the action that they did.

Sections 4144.1 and 4133 of our Code have heretofore received the consideration of this court in the case of Peterson v. Independent School District, 227 Iowa 110, 287 N. W. 275. In that case it is noted that two contiguous school districts were consolidated by joint resolutions of the two interested boards and without the submission of the proposed action to a vote in each district separately as required by section 4191, 1935 Code, now 4144.1, 1939 Code. The trial court upheld the action of the two boards in changing the boundary lines and in consolidating the two entire districts into a single school corporation. The boards acted under the provisions of section 4133, 1935 Code

(same in 1939 Code). Upon appeal to this court we affirmed the trial court and approved of the procedure followed.

In the Peterson case, supra, speaking through Stiger, J., at page 113 of the Iowa Report, page 276 of 287 N. W., we said:

"It is apparent that the legislature, in enacting section 11-a1, section 4191, 1935 Code, did not intend to modify or repeal section 2514, Compiled Code, which is not referred to in the title to the act and is now section 4133, 1935 Code, under which the board acted, but did intend to amend the above sections of the Compiled Code, which are now sections 4141, 4142, 1935 Code."

It is conceded by the appellant that the statement just quoted from the Peterson case is sound as applied to the particular facts in that case but it is maintained that the quoted portion of the opinion does not apply in the present case. It is contended that this court in the Peterson case was making application of that portion of Code section 4133, 1935 Code (same in 1939 Code), which reads as follows:

"* * *. In the same manner, the boundary lines of contiguous school corporations may be so changed that one corporation shall be included in and consolidated with the other as a single corporation."

It is asserted that this is particularly true inasmuch as in the Peterson case it is shown that entire contiguous school corporations were consolidated. However, it is contended that the first portion of section 4133 was not passed upon by this court in the Peterson case.

It is our conclusion, after a study of the legislative history relative to the statutes in question as noted in the Peterson case, that contiguous school corporations may change the boundaries of their respective districts in the manner followed in the instant case.

It will be observed that sections 4141, 4142 and 4191 of the 1924 Code, and which are now noted as sections 4141, 4142 and 4144.1 of the 1939 Code, were adopted in 1924.

Thereafter in the case of Chambers v. Housel, 211 Iowa 314. 316, 233 N. W. 502, 503, decided in 1930, the boundary lines

of contiguous school corporations were changed under the provisions of sections 4141 and 4142, and 4191 (now 4144.1, 1939 Code) 1935 Code, which sections provide for change of boundary lines by election. The contention was made in that case that the method of changing boundary lines provided by section 4133 was exclusive and that the proceedings changing the boundary lines by election were null and void. The court said:

"It was the view of the trial court that the method provided by Section 4133 of the Code for changing the boundaries of contiguous school corporations is exclusive. The method prescribed by this section is by the concurrent action of the boards of directors of the respective school corporations."

The court then held that the method provided by section 4133 was not exclusive and that the concurrent remedy provided by sections 4141, 4142 and 4191 of the 1935 Code, for changing boundary lines of contiguous school corporations was available to a consolidated school district which desires to extend its boundaries.

This court in the last cited case further said:

"It will be observed that consolidated districts are included in the provisions of this [4191 now 4144.1, 1939 Code] [our insertion] section. The right of an existing consolidated school district to extend its boundaries or to add territory thereto is clearly created by this section. No specific method by which this may be done is, however, clearly provided by statute."

As noted by this last cited authority "no specific method by which this may be done is, however, clearly provided by statute." It will be kept in mind that the present Code section 4144.1 was enacted in 1924. In the Chambers v. Housel case, supra, apparently this court had an opportunity to say that there was a conflict between the two statutes, namely 4133 and 4144.1. This the court did not do. In the Peterson case (1939) this court again held that there were two possible procedures that might be followed.

We are of the opinion that section 4133 is one of the approved statutory courses of action that may be followed in changing the boundary lines of contiguous school corporations. It will

be observed that the first part of section 4133 refers to the change of boundary lines of contiguous corporations by concurrent action of the respective boards of directors, while the last part permits, in the same manner, the boundary lines of contiguous corporations to be changed by consolidating into a single school corporation. In the Peterson case we held that entire school corporations could be consolidated by joint resolution of the respective boards under that portion of section 4133 that refers to such contemplated action. It will be observed that the last portion of section 4133 is tied to the first part with this phrase, "in the same manner." It is quite apparent that in thus connecting these two portions of the same section, the legislature intended that similar action and course of procedure could and should be followed. Consequently it is our holding, following the ideas expressed in the Peterson case, that section 4133 and sections 4141, 4142 and 4144.1 are not conflicting statutes but provide two courses of action that may be followed.

It has been suggested that inasmuch as section 4144.1 was enacted long after 4133 the earlier is necessarily repealed by the latter, insofar as the two conflict. The legislature has had the opportunity to definitely repeal section 4133 when in 1924 it enacted section 4144.1 and kindred sections. This it did not do. In the Chambers v. Housel case, supra, and the Peterson case, supra, this court has in effect held that there was no conflict between the two statutes and that the earlier statute had not been repealed. We hold there is no variance and conflict. The legislature has merely provided two courses of action.

The case of State ex rel. Doherty v. Van Peursem, 202 Iowa 545, 548, 210 N. W. 576, 577, expressly holds that section 4144.1 amended section 4142 and was intended "to cure the anomalous situation previously existing, [under sections 4141 and 4142] [our insertion] and to secure to the voters residing in territory proposed to be added to another district by action of the electors the right to vote separately upon the proposition, and to defeat it by an adverse majority in the territory proposed to be added." This case did not hold that the course there followed was the only procedure that might be adopted.

Repeal by implication is not favored. This thought often

has been expressed by this court. In Hahn v. Clayton County, 218 Iowa 543, 552, 255 N. W. 695, 699, we said:

"It is a well-established rule that repeals by implication are not favored, and that 'in order to work the repeal, by implication, of an old law by a new one, there must be an absolute repugnancy between the two.'" This, we do not find in the present case.

It is therefore our holding that the trial court was right in dismissing the plaintiff's petition and the action of that court in entering its decree in this case is affirmed.—Affirmed.

MILLER, C. J., and STIGER, BLISS, GARFIELD, SAGER, OLIVER, and HALE, JJ., concur.

MITCHELL, J., dissents.