Andrew Tow, Appellee, v. Dunbar Consolidated School District et al., Appellants.

**SCHOOLS AND SCHOOL DISTRICTS:** Transportation of Pupils—Liability of District. A consolidated school district, the former territory of which furnished no high school instruction, is liable for the reasonable cost of transporting children to the *grade* schools of another district pending the time during which the pupils are deprived of a grade school owing to delay in constructing the new central consolidated school building, but is not liable for the cost of transporting pupils similarly situated, but transported to the *high* school of another district. (Sec. 2794-a, Code Suppl. Supp., 1915.)

Headnote 1:    35 Cyc. p. 970.

*Appeal from Marshall District Court.*—B. F. Cummings, Judge.

DECEMBER 15, 1925.

PLAINTIFF brought an action predicated upon Section 2794-a of the Supplemental Supplement to the Code, 1915, asking to recover the reasonable cost of the transportation of his children to school. The court awarded his claim in part and rejected it in part, and entered judgment accordingly. The defendants appealed. Thereafter the plaintiff appealed.—*Affirmed on both appeals.*

*E. N. Farber,* for appellants.

*C. H. Van Law* and *H. J. Ferguson,* for appellee.

EVANS, J.—The defendant Dunbar Consolidated School District was organized in the early summer of the year 1916. As we understand the record, the major part of its territory was in Marshall County, and a minor part in Tama County. The plaintiff was a resident of Tama County, in Subdistrict No. 4 of a certain school township. Previous to the consolidation, his children had attended the school in this subdistrict. In the formation of the defendant district, the plaintiff's farm, whereon he resided, was included therein, but that part of District

No. 4 which included the schoolhouse was not included therein. No consolidated schoolhouse was erected in the new district until in the fall of 1922. The temporary result was that the plaintiff was left without a school to which he was legally entitled to send his children, without some arrangement between the respective boards. By some arrangement which was never made of record, the plaintiff sent his children to the Gilman schools, 3½ miles distant, and the Dunbar Consolidated School District paid their tuition. This course was followed by mutual arrangement of some kind, from 1917, until October, 1922, inclusive. The plaintiff claims the fair cost of transporting his children to school during that period, under the provisions of Section 2794-a, Supplemental Supplement, 1915. The defendant contends that this section is not applicable to a case where the school is other than the central school of the consolidated district. The district court held that it was applicable to the grade scholars. It allowed the recovery for the cost of transporting the pupils to the grade schools, but not for the cost of transporting high school students. Sections 2773 and 2774 of the Code of 1897, as amended by the thirty-seventh, thirty-eighth, and fortieth general assemblies, have a bearing upon the question at issue; likewise, Section 2823-a of the Supplement of 1913, as amended by Senate File 111, Acts of the Extra Session of the Fortieth General Assembly (Section 4410, Code of 1924); likewise Section 2803, Code of 1897, as amended by Chapter 386 of the Acts of the Thirty-seventh General Assembly. The district court in its decision made a concise statement of the facts, which we incorporate herein, as follows:

"A consolidated district was formed from several subdistricts,—several sections of land lying adjacent,—in order that they might have a central high school. Up to that time, no high school had existed, but they had facilities for grade schools. The land of the plaintiff in this case was taken from a subdistrict in which he had formerly belonged, and made a part of the consolidated school district. From that time on, his taxes for the support of the schools were paid to that consolidated district. There was no high school, prior to the formation of the consolidated school, and no high school in that consolidated district until the fall of 1922. The evidence shows that he commenced

taking his children to Gilman in the year 1916-17: that is, the school year commencing in the fall of 1916 and ending in the summer of 1917. The year is more than five years from the commencement of this action, so that whatever was done that year, the court holds it to be barred by the statute of limitations, and there can be no recovery of anything for that year. The year 1917-18, the evidence shows that two of the plaintiff's children went to the high school at Gilman, and two in the graded school; the year 1918-19, one in the high school, and two in the graded school; the year of 1919-20, one in the high school, and two in the grade school; 1920-21, two in the high school, and one in the grade; the year 1921-22, two in the high school, and one in the grade. The court believes the law to be that the school district was not responsible for the transportation of those children who went to the high school, because they had no high school facilities in the district to which they did belong; and until the district into which they were taken had the capability of maintaining a high school, they would still have none. The proper proceeding would have been for the plaintiff to have gone to the school district and made some arrangement with them for the payment of tuition of his children and for the transportation of his children to the school at Gilman. Evidently that was not done, but the school district knew that he was taking his children there every year, because every year they were paying the Gilman school for the tuition. If they made no express agreement, they at any rate made an implied agreement by their conduct, and knew that the plaintiff was taking his children there to that school. The court believes the law to be that the school district is responsible for the transportation of those children who went to the graded school,—not the high school, but to the graded schools,—which they would have had a right to do if they had been left in their own district.''

The court allowed a recovery of $3.00 a month for a total of 72 months for grade pupils only. It refused allowance for the high school pupils. This refusal is the basis of the plaintiff's appeal.

The parties have not argued or assigned specific errors, but have presented the case upon its general merits. In the nature

of it, it could not well be presented otherwise, and we shall dispose of it in the same manner.

Under the facts appearing in this record, we perceive no fair reason why the statute providing for transportation should not apply precisely as it would have applied in favor of the plaintiff, if the central school had been constructed. Three subdistricts have been included in the consolidated district, none of which included the plaintiff's farm. The three schools of such subdistrict were utilized by the board of the consolidated district for school purposes during the long period of waiting for the building of the central schoolhouse. No one of these schools was available to the plaintiff. By mutual arrangement, the board purported to provide a more convenient school at Gilman. We think it would be an unduly technical construction of the statute to say that the duties of the board toward these children were any less in the premises than they would have been if a central building had been promptly constructed. The judgment should, therefore, be affirmed on the defendants' appeal.

The complaint of the plaintiff is that he should have been allowed to recover for transporting those of his children who were attendants at the high school. This contention is predicated upon Section 2733-1a of the Supplement to the Code, 1913. This provides that a child of high school age residing within a subdistrict which does not provide a high school course may attend high school elsewhere, and it becomes the duty of his school district to pay the tuition therefor. There is no provision therein that his transportation is to be provided for. The provision is a very liberal one, as it is, and we see little reason why it should be enlarged, either by statute or by judicial construction. The judgment of the district court on this branch of the case is also approved.

The judgment is affirmed on both appeals.—*Affirmed on both appeals.*

Faville, C. J., and Albert and Morling, JJ., concur.