B. R. SCHMIDT et al., Appellees, v. F. L. BLAIR et al., Appellants.

**SCHOOLS AND SCHOOL DISTRICTS:** Transportation of Pupils—Illegal Use of Busses. School busses of consolidated school districts may legally be employed, and funds for their operation may legally be expended, for the one purpose only of transporting to and from school, children of school age who live more than a mile from school.

Headnote 1: 35 Cyc. p. 970.

**Headnote 1:** 37 L. R. A. (N. S.) 1110; 24 R. C. L. 662; 38 L. R. A. (N. S.) 710.

*Appeal from Calhoun District Court.*—R. L. McCORD, Judge.

## MAY 6, 1927.

Suit in equity by the plaintiffs, as taxpayers, against the defendants, as directors of a consolidated school district, to enjoin certain expenditures which were being made and were about to be made by the defendant directors without authority of law therefor. The district court found for the plaintiffs, and entered a decree of injunction, from which the defendants have appealed.—*Affirmed.*

*Healy & Breen,* for appellants.

*Gray & Gray,* for appellees.

EVANS, C. J.—The defendants are the members of the school board of the Consolidated District of Lytton, in Calhoun County. The plaintiffs are resident taxpayers of such Consolidated School District. The complaint of the plaintiffs was directed to the alleged unwarranted use of school busses and the alleged unwarranted expenditure of school funds for such purpose. No substantial disputed fact is presented for our consideration.

This Consolidated School District of Lytton was the owner of seven school busses, purchased by said district for the purpose of complying with the requirements of Sections 4179 to 4182, Code of 1924. The essence of the dispute is whether the use of these busses and the expenditure incident thereto, complained of by plaintiffs, were within the contemplation of the statutory provisions here referred to. These statutory sections are as follows:

"The board of every consolidated school corporation shall provide suitable transportation to and from school for every child of school age living within said corporation and more than a mile from such school, but the board shall not be required to cause the vehicle of transportation to leave any public highway to receive or discharge pupils, or to provide transportation for any pupil residing within the limits of any city, town, or village

within which said school is situated." Section 4179, Code of 1924.

"The board shall designate the routes to be traveled by each conveyance in transporting children to and from school. The board shall have the right on account of inclemency of the weather to suspend the transportation on any route upon any day or days when in its judgment it would be a hardship on the children, or when the roads to be traveled are unfit or impassable." Section 4180, Code of 1924.

"The school board may require that children living an unreasonable distance from school shall be transported by the parent or guardian a distance of not more than two miles to connect with any vehicle of transportation to and from school or may contract with an adjoining school corporation for the instruction of any child living an unreasonable distance from school. It shall allow a reasonable compensation for the transportation of children to and from their homes to connect with such vehicle of transportation, or for transporting them to an adjoining district. In determining what an unreasonable distance would be, consideration shall be given to the number and age of the children, the condition of the roads, and the number of miles to be traveled in going to and from school." Section 4181, Code of 1924.

"The school board of any school corporation maintaining a consolidated school shall contract with as many suitable persons as it deems necessary for the transportation of children of school age to and from school. Such contract shall be in writing and shall state the route, the length of time contracted for, the compensation to be allowed per week of five school days, or per month of four school weeks, and may provide that two weeks' salary be retained by the board pending full compliance therewith by the party contracted with, and shall always provide that any party or parties to said contract, and every person in charge of a vehicle conveying children to and from school, shall be at all times subject to any rules said board shall adopt for the protection of the children, or to govern the conduct of the person in charge of said conveyance." Section 4182, Code of 1924.

The petition alleged, and the undisputed evidence disclosed, that these busses were used by the approval and direction of the defendant-board for various miscellaneous purposes, quite dis-

tinct from those specified in the statute; and were likewise used
for the transportation of persons other than those described in
the statute. Some of these uses were the following: the trans-
portation of school children to various cities and towns outside
of the Consolidated School District to basket ball games; to
baseball games; to other athletic contests between schools; to
spelling contests; to oratorical contests; to attend a moving pic-
ture; to picnics; to visit the reformatory at Rockwell City; to
take a class picture. Transportation was also furnished to the
teachers of the school, to attend teachers' institutes and con-
ventions. Such transportation was conducted wholly at the ex-
pense of the district. These purported uses are not so much de-
nied by the defendants as they are justified by them. They jus-
tify such use, and declare their purpose to continue the same.
They justify on the ground that by such uses they were serving
the best interests of the district and of the school pupils; and
that they were acting within the discretion conferred upon them
by the law; and this is the crux of the controversy.

If it be granted, for the purpose of the argument, that rival-
ries and contests between schools, whether athletic or scholastic,
are useful in the development of a proper spirit in the schools,
and that social pleasures have their proper function in the same
direction, and that the attendance of teachers' institutes and con-
ventions by teachers is a practice to be desired and encouraged,
yet the question remains whether a school board has authority
to furnish transportation to distant places for such purposes, and
to apply the funds of the school district to that purpose.

The question before us is not whether the defendant-board
is properly exercising its statutory discretion, but whether it is
exceeding its statutory power. The question of discretion is not
subject to judicial control, but the question of statutory power
is subject to judicial control. *Ries v. Hemmer*, 127 Iowa 408.

Indeed, the jurisdiction of the courts necessarily attaches
to all cases where public officials are charged with the expendi-
ture of public funds in excess of their statutory power. In
*Perkins v. Board of Directors*, 56 Iowa 476, we said:

"The courts of the state are arbiters of all questions in-
volving the construction of the statutes conferring authority
upon officers and jurisdiction upon special tribunals. It was
certainly never the intention of the legislature to confer upon

school boards, superintendents of schools, or other officers discharging quasi judicial functions, exclusive authority to decide questions pertaining to their jurisdiction and the extent of their power. All such questions may be determined by the courts of the state. Hence, when the rights of a citizen are involved in the exercise of authority by a school officer, the courts may determine whether such authority was lawfully exercised."

The expenditure charged in this case was substantial. The distances from the school district to the various points of transportation varied from 7 miles to 40.

Prior to the enactment of the sections above set forth, there was no statutory power in any board of directors to provide transportation at public expense for school children for any purpose. If, prior to such an enactment, an exercise of such power had been attempted, it could without doubt have been enjoined. Does the fact that the foregoing statute confers the power defined therein, open the door of power any wider than the terms of the statute itself? To our minds, the answer is quite self-evident. Section 4179, Code of 1924, provides:

"The board of every consolidated school corporation shall provide suitable transportation to and from school for every child of school age *living within said corporation and more than a mile from such school.*"

Section 4180, Code of 1924, provides:

"The board shall designate the *routes* to be traveled by each conveyance in transporting children to and from school."

Section 4182, Code of 1924, provides:

"The school board of any school corporation maintaining a consolidated school shall contract with as many suitable persons as it deems necessary for the transportation of children of school age to and from school. Such contract shall be in writing and shall state the route, the length of time contracted for, the compensation to be allowed per week of five school days, or per month of four school weeks."

The clear effect of these provisions is to limit the duty and power of the board to the transportation of children living more than one mile from the schoolhouse "to and from school;" and this must be done over routes to be designated by the school board. The contract for such transportation is to be in writing, and is to be specific, and is to be confined to five days in the week.

It is common knowledge that the plan of organizing a consolidated school district extends its territory so as to include remote areas, and thereby imposes corresponding tax burdens upon resident taxpayers who are too remote from the schoolhouse to get its ordinary benefits. The purpose of the statute here under consideration was to equalize or to compensate the disadvantage thus resulting to the remote taxpayer, and to bring him within the benefits of the public enterprise by providing transportation for the children residing in the remote areas. No power is conferred to provide transportation for school children residing within one mile of the schoolhouse. The burden assumed is confined strictly to the transportation "to and from school" of children residing more than one mile distant. No discretion is conferred upon the board to expand this delegation of power. The power actually conferred is extraordinary, from any point of view. It has been carefully hedged about, so as to forbid, rather than to invite, expansion. The transportation complained of involves, necessarily and actually, a direct and substantial expenditure of public funds.

In our judgment, the expenditure under complaint was unwarranted, under the statute, and the district court properly decreed the injunction.

Its decree is, accordingly,—*Affirmed.*

DE GRAFF, ALBERT, MORLING, and KINDIG, JJ., concur.

DE GRAFF, J. (concurring).—I concur in the opinion of Chief Justice Evans.

A school district is a quasi-public corporation, and has such powers and can exercise such powers only as are conferred by statute or arise from the reasonable and necessary implications of statute.

True, the school board, in functioning under statutory power, exercises quasi-judicial discretion, but such discretion arises only in the attempted exercise of a lawful power. For example, a school board may dismiss from service a teacher in its employ (Section 4237, Code of 1924), but it may exercise this power only on the grounds prescribed in the statute: that is to say, after it has acquired jurisdiction of the subject-matter and of the person.

A school board has no authority to determine the validity of a contract or to decide questions pertaining to its jurisdiction or the extent of its power. These are judicial questions, and are to be determined by the courts of this state. *Perkins v. Board of Directors,* 56 Iowa 476.

It is plain that in all school matters the board must act in conformity to the power conferred by statute, and it has no power or discretion to act otherwise. This principle has been frequently affirmed in the decisions of this court.

In the case at bar, it is apparent from the record facts and the law applicable thereto that the school board, acting under its authority to transport pupils to and from school in the district, had no lawful right, and therefore no discretion, to use the means of transportation—to wit, motor busses—for purposes which are entirely foreign to the subject-matter of the statute, and which have no relation to the management or operation of the school, and are not germane to any strictly school purpose.

A court may take judicial notice that motor busses are expensive machines. The school board is authorized to spend taxpayers' money only because of necessity of transporting children. The promiscuous use of motor busses, with attendant hazards, was not within the contemplation of the legislature when statutory authorization was given for their use by a school district for a particular purpose. The legislature cannot be presumed to have had in mind the general use of such busses, with the expense of operation, maintenance, and depreciation involved by their use. The miscellaneous and incidental purposes disclosed by the instant record are but remotely connected with the operation of the school, and in no wise connected with the transportation of children.

Injunctive relief under such circumstances is eminently proper.