A. DERMIT, Appellee, v. SERGEANT BLUFF CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, Appellant.

No. 42872.

JUNE 21, 1935.

REHEARING DENIED SEPTEMBER 27, 1935.

Edwin J. Stason, for appellant.

Charles Lockie, for appellee.

ALBERT, J.,—Briefly stated, the situation in this case is as follows:

The Sergeant Bluff consolidated independent school district is in Woodbury county, Iowa, on the east side of the Nebraska line. The evidence satisfactorily shows that some time prior to 1903 the Missouri river shifted its channel from its usual course west of the farm now occupied by the plaintiff to a course east thereof, thus putting the land now occupied by the plaintiff on the west side of the present channel of the river. The thread of the Missouri river, as it existed prior to this shifting, was the west boundary of the state of Iowa, and therefore the land now occupied by the plaintiff is within the state of Iowa and Woodbury county.

In 1914 the aforesaid consolidated school district was established, the west boundary of which was the west boundary of

the state of Iowa. It is abundantly shown that the land now occupied by the plaintiff is within the state of Iowa and within the aforesaid consolidated school district. On account of the topography of the district, there being no bridge or ferry across the Missouri river, if the plaintiff's children were to attend school in said consolidated district, it would be necessary to transport them partially through Nebraska to the bridge across the river at Sioux City, and thence southward to the location of the schoolhouse in said district, a distance of some 25 to 30 miles. To meet this situation, the consolidated district made arrangements with a school district across the line in Nebraska, at Homer, which was a distance of about 5 miles from the plaintiff's location. As we understand the record, the consolidated school district paid to the school board of Homer, Nebraska, the tuition for these children, and also paid for their transportation from the farm to the school at Homer. In 1930 the plaintiff had an interview with the board of directors of the consolidated school district about this situation, and thereafter, and during the time involved herein, the consolidated district paid the tuition for these children at the school at Homer, but refused to. transport them or pay for their transportation from the farm to the school at Homer, and the plaintiff had to transport his own children. It is for the cost of such transportation that he brings this action.

 In the trial of the matter, defendant sought to prove by some five witnesses who were voters in the election of the organization of said consolidated .district that they never intended to include in said district any land on the Nebraska side of the river. This evidence was rejected, and this is the first error assigned. We think this ruling was right. A copy of the ballot voted at said election was set out, and it shows on its face that the land in controversy herein was described in said ballot; and the petition or application for the establishment of said district also includes the description of the land in controversy. This being so, it is controlling in this matter; and the question of what some individual voter may have understood or intended is wholly immaterial.

 It might be said at this point, after reading the various statutes involved in this controversy, that they carry on their face the public policy of the state, which is to furnish to all children opportunity for an education at the public schools; and also that

in the statutes governing these matters as to consolidated school districts, it was the intention of the legislature that all children who live more than a mile from the school were to be transported at the expense of the district, and the duty of so transporting the said children was placed upon the district.

It is contended here that no written contract for said transportation was entered into with the plaintiff as required by section 4182 of the Code. We think this point is wholly beside the issue. As stated, the duty was placed upon the consolidated district to transport these children to the school; and it failed and refused so to do. If it were the rule that a written contract was necessary, then neither this plaintiff nor any other plaintiff could recover under similar circumstances. This conclusion is in strict accord with the fundamentals laid down in the case of Tow v. Dunbar Consolidated School District, 200 Iowa 1254, 206 N. W. 94. The real gist of this action is not a suit on a contract, but is a suit to recover by reason of the refusal of the school district to perform the duties placed upon it by statute.

One other question is raised in the case, and that is that the school corporation does not have the power to incur liability for transportation of grade pupils outside of the state. We do not think that this contention can be available to the defendant. It performed its first duty in furnishing to plaintiff a school for his children at Homer, Nebraska, and paying the tuition for same. No question is raised about its power to do this, and we think that when it furnished this school to the plaintiff for his children, in accordance with the statutory duty placed upon it, it is immaterial whether it was inside or outside of the state of Iowa; and when it did this and paid the tuition for these children at Homer, Nebraska, this carried with it the duty to furnish them with transportation to and from said school; and the defendant having tendered the Homer school to the plaintiff, and he having accepted the same, as a compliance with its statutory duty, we do not think the defendant is in a position to raise the question that the same was across the line in the state of Nebraska. The fact that the consolidated district furnished schooling to these children at Homer, Nebraska, was, in fact, a great advantage to the district, else, if it had been required to carry out the letter of the statute, it would have had to carry these children to its own school, which was some twenty-five or thirty miles from the plaintiff's residence. It was, therefore, very ad-

vantageous to the consolidated district to have these children attend the school at Homer, as the cost of their daily transportation for said long distance would probably have far exceeded the cost of schooling these children at Homer, Nebraska.

We therefore conclude that the plaintiff had a right to maintain this action, and that, it being the kind of an action that it is, no written contract was necessary to entitle the plaintiff to recover; and the fact that, by mutual agreement of the parties, the school at Homer, Nebraska, was agreed upon as the school at which these children should attend, and the board paid the tuition therefor, carries with it the duty of the consolidated district to pay for the transportation of the children to the aforesaid school across the line in Nebraska, and on its failure to perform that duty, plaintiff is entitled to recover. So held the district court; and so holds this court.—Affirmed.

ANDERSON, C. J., and DONEGAN, KINTZINGER, PARSONS, and RICHARDS, JJ., concur.