EARL HARWOOD, Appellant, v. DYSART CONSOLIDATED SCHOOL
DISTRICT et al., Appellees.

No. 46726.

JANUARY 8, 1946.

Mosier & Mosier, of Waterloo, for appellant.

Nichols, Nichols & Milroy, of Vinton, for appellees.

134

BLISS, C. J.— The facts have been stipulated and are not in dispute. The district, which we will refer to as the defendant, is a consolidated school district, duly organized and operating under the statutes of the state. The plaintiff is a resident of the district and his daughter is entitled to attend the school. She lives in the home of her father about four miles from the school. The school had operated a bus for the transportation of pupils on the road passing plaintiff's home, but under instructions of the State Department of Public Instruction and in compliance with the Second War Powers Act of 1942, 50 U. S. C. App., Supp. V, section 633, and the Office of Defense Transportation, this bus service was curtailed, and after April 1, 1943, the bus passed about a mile away from plaintiff's home. From said date and up to December 29, 1943, the plaintiff each school day transported his daughter the intervening mile in going to and returning from the bus line. He did this without making any demand, either before or during this period, upon the defendant to provide this service. Nor did he have any arrangement or agreement with the district, before or during this period, that he should thus transport his daughter or receive compensation therefor. Plaintiff demanded judgment for $38.40 for the transportation which he furnished during said period, being eight cents a mile for the specified mileage. Defendant admitted the mileage and the reasonableness of the charge per mile. Plaintiff admitted that he made no demand for reimbursement until December 28, 1943. On December 29, 1943, the defendant, by a duly adopted resolution of its board, tendered "an offer of eight cents per mile" for transportation to compensate patrons in this district who are required to transport their children to the nearest bus routes." Thereafter, under the resolution, the plaintiff became entitled to compensation for transporting his daughter in the sum of $25.60. In his petition plaintiff prayed judgment only for the sum of $38.40, being reimbursement for the transportation prior to December 29, 1943, but in its answer defendant admitted liability for compensation after that date in the amount of $25.60; and the court rendered judgment for plaintiff in the latter sum without interest, and taxed the costs against him.

There was just one issue presented to the trial court, and it was stated by defendant in its answer in the following language, to wit:

"* * * the district is not in any manner liable or indebted to the plaintiff for any transportation so furnished by him *in a voluntary manner and without contract with said school board.*" (Italics ours.)

The only question presented on this appeal is, Shall the plaintiff be denied recovery because he had no contract with the district for the transportation service rendered? Or, otherwise stated, Is the plaintiff entitled to the compensation claimed under the facts stated and the reasonable inferences therefrom, and sections 4179, 4180, and 4181 of the 1939 Code, with their reasonable and necessary implications?

Any right of recovery which the plaintiff may have must be based upon and limited by statutory provision. In the absence of statute, the school district, whether it be the ordinary independent district or a consolidated independent district, owes no duty to transport the pupils, regardless of the distance from which they come. Riecks v. Independent Sch. Dist., 219 Iowa 101, 103, 257 N. W. 546; Schmidt v. Blair, 203 Iowa 1016, 1020, 213 N. W. 593, a suit against the directors of a consolidated independent district. The object to be served in both types of district is to afford, as nearly as practicable, equal benefits with respect to access to all residents of the district. As said in Flowers v. Independent Sch. Dist., 235 Iowa 332, 334, 16 N. W. 2d 570, 571:

"The purpose of the statute is to afford children living two and one-half miles or more from school substantially the same educational advantages as those living nearer."

Since consolidated independent school districts are required to contain not less than sixteen contiguous government sections (1939 Code, section 4154) and are usually larger than the independent district, the need for transportation is greater in the first. This thought is expressed in Schmidt v. Blair, supra, 203 Iowa 1016, 1021, 213 N. W. 593, 595, thus:

"It is common knowledge that the plan of organizing a

consolidated school district extends its territory so as to include remote areas, and thereby imposes corresponding tax burdens upon resident taxpayers who are too remote from the schoolhouse to get its ordinary benefits. The purpose of the statute here under consideration was to equalize or to compensate the disadvantage thus resulting to the remote taxpayer, and to bring him within the benefits of the public enterprise by providing transportation for the children residing in the remote areas."

Again, in Dermit v. Sergeant Bluff Consol. Ind. Sch. Dist., 220 Iowa 344, 346, 347, 261 N. W. 636, 637, the court stated:

"It might be said at this point, after reading the various statutes involved in this controversy, that they carry on their face the public policy of the state, which is to furnish to all children opportunity for an education at the public schools; and also that in the statutes governing these matters as to consolidated school districts, it was the intention of the legislature that all children who live more than a mile from the school were to be transported at the expense of the district, and the duty of so transporting the said children was placed upon the district."

As noted, in every case in which this court has passed upon the question of transportation of school children it has held that the obligation of the district is mandatory and not discretionary. The above-noted expressions of the court are important and must be given weight and serious consideration in determining the matter submitted to us.

Section 4179 of the 1939 Code provides that:

"The board of every consolidated school corporation shall provide suitable transportation to and from school for every child of school age living within said corporation and more than a mile from such school * * *."

Section 4180 provides that the board shall designate the routes to be traveled by each conveyance in transporting the children to and from school, and may suspend transportation on any day when the weather is too inclement or the roads are unfit or impassable.

"4181 By parent—instruction in another school. The school board may require that children living an unreasonable distance from school shall be transported by the parent or guardian a distance of not more than two miles to connect with any vehicle of transportation to and from school or may contract with an adjoining school corporation for the instruction of any child living an unreasonable distance from school. It shall allow a reasonable compensation for the transportation of children to and from their homes to connect with such vehicle of transportation, or for transporting them to an adjoining district. In determining what an unreasonable distance would be, consideration shall be given to the number and age of the children, the condition of the roads, and the number of miles to be traveled in going to and from school."

Section 4182 provides for the making of contracts for the conveyance of the school children. The contracts referred to are clearly those necessary for the transportation referred to in section 4179 and not to transportation by parents or guardians provided for in section 4181.

The defendant places much reliance upon our decision in Bruggeman v. Independent Sch. Dist., 227 Iowa 661, 289 N. W. 5, in which we affirmed a judgment of the trial court denying recovery to the plaintiff for transporting his daughter to school, on the ground that he had no contract, either express or implied, with the defendant for such service. In that case the court construed section 4233-e4 of the Code of 1935, the provisions of which are as follows:

"Transportation. When children enrolled in an elementary school other than in a consolidated district live two and one-half miles or more from the school in their district or subdistrict or when the school in their district or subdistrict has been closed and they are thereby placed more than two miles from the school designated for their attendance, the board *shall arrange* with any person outside the board for the transportation of such children to and from school and the cost of such transportation shall be paid from the general fund, but the board may provide transportation for a less distance." (Italics ours.)

It will be noted the section provides that "the board *shall arrange with any person* outside the board for the transportation * * *." Webster defines "arrange" to mean "to adjust or settle; to settle by prior agreement." Certainly, in the everyday understanding, it means "a getting together," "a meeting of the minds," "to agree," or "to contract." The language indicates a definite arrangement as to the compensation and other terms. The statute is a mandate to the board to make a contract, or to agree upon a plan, with some person of the board's choosing, for the transportation. Under the wording of the section there is little basis for construction.

But in section 4181 the provision is that the "board *may require* that children living an unreasonable distance from school shall be transported by the parent or guardian * * *." Since this court has by its decisions quite definitely held that a contract is not essential for a recovery of compensation by the parent for performing the transportation service it is not necessary that we construe the language of the section. Clearly, however, the section does not provide that the board must make a contract with the parent or guardian or with any other person. It could hardly have been the intention of the legislature that the parent or guardian should personally perform the service. Neither might be physically able to. In which event either could procure the service to be done by someone else, without the intervention of the board or any contract with it.

The statute is mandatory neither as to the requirement nor the manner of requirement. But the district's duty of providing transportation is mandatory. The dictionary definition of "require" may be "to demand," or "to exact," or "to enforce."

"To demand" ordinarily means a personal order or request. But "to exact" or "to enforce" may mean to "make necessary" by other action or by failure to act. In this case the failure of the district to perform its statutory obligation compelled the plaintiff to perform the service of transporting his child. And having performed the service, the statute makes it mandatory that the school board *"shall allow a reasonable compensation"* to the plaintiff.

The statutes making it obligatory upon the school districts and their boards of directors to provide transportation for school children are remedial in their nature and have been enacted to effect a beneficent and salutary purpose, and they should not be given a narrow, technical construction, but should be liberally construed to carry out the legislative intention.

While the resolution of the board tendered an offer to all patrons, which if accepted by performance made a contract, it was a recognition by the board and the district of their obligation to the plaintiff and other patrons similarly situated, and was in fact and effect but. an uninterrupted continuation of the transportation as they had previously performed it. In this resolution it fairly appears that the word "required" was not used in the sense of "hired," "contracted," or "arranged," but as meaning "compelled" to transport their children because of the failure of the district to do so.

In Tow v. Dunbar Consol. Sch. Dist., 200 Iowa 1254, 206 N. W. 94, there was no express agreement and no implied agreement, unless one arose from the fact that the board knew the children were attending school, which is apparently all the knowledge the district and board had in this case, but this court affirmed a judgment of recovery for the plaintiff.

In Dermit v. Sergeant Bluff Consol. Ind. Sch. Dist., supra, 220 Iowa 344, 347, 261 N. W. 636, 637, the. district refused to transport or to pay for the transportation. In affirming a judgment for the value of the transportation, this court said:

"It is contended here that no written contract for said transportation was entered into with the plaintiff as required by section 4182 of the Code. We think this point is wholly beside the issue. As stated, the duty was placed upon the consolidated district to transport these children to the school; and it failed and refused so to do. If it were the rule that a written contract was necessary, then neither this plaintiff nor any other plaintiff could recover under similar circumstances. This conclusion is in strict accord with the fundamentals laid down in the case of Tow v. Dunbar Consolidated School District, 200 Iowa 1254, 206 N. W. 94. The real gist of this action is not a suit on a contract, but is a suit to recover by

reason of the refusal of the school district to perform the duties placed upon it by statute."

In Bruggeman v. Independent Sch. Dist., supra, 227 Iowa 661, 668, 289 N. W. 5, the court held that under section 4233-e4, Code, 1935, mandamus was the proper remedy. Under that statute it is the mandatory duty of the board that it "*shall* arrange" for the transportation. There is no such mandatory duty under section 4181, and mandamus does not lie. In Lanphier v. Tracy Consol. Sch. Dist., 224 Iowa 1035, 1038, 277 N. W. 740, 741, 118 A. L. R. 801, the court, after quoting sections 4179, 4180, and 4181, said:

"A reading of the last two sections shows that a patron of the school district cannot require the school board to transport children from their homes to the school when they live an unreasonable distance from the school and where the roads to be traveled are unfit or impassable. In such a case the board may require the parents to transport their children a distance not exceeding two miles, to connect with the regular school bus route. Certainly, no one can say that this is an unreasonable requirement. If the bus was required to travel unfit or impassable roads it might delay arrival on time at the school, it might work an unnecessary hardship on other children, and the cost might be prohibitive. In the case at bar the pleadings show that the regular school bus route passed within three-fourths of a mile from appellant's home. Under this condition he is obliged to transport his children that distance, and the school board is obliged to allow him reasonable compensation for so transporting them."

Under section 4181 there is no necessity for selecting a competent person as a bus operator, or a suitable vehicle, or of fixing a route. The only matter for adjustment is a reasonable compensation and the mileage which can be determined from a plat. Whether there is a contract or not, there must finally be a statement of the mileage by each patron, and a fixed mileage charge for all patrons alike. The district and its board could not be compelled to provide suitable transportation of plaintiff's daughter the entire distance to

the school, as required by section 4179, because of the ODT regulations. Because thereof, and under section 4181, the plaintiff was required or compelled, if he desired the child to go to school, to transport her the mile between his home and the bus route. For this service the statute requires or compels the district to make reasonable compensation to the plaintiff. To say that the district, because there was no contract with plaintiff, shall escape the obligation of paying for the performance of a duty which it is required by statute to perform, but it could not and did not perform, would be a grievous wrong to plaintiff and not warranted by the statute. The ODT regulations did not relieve the district from its statutory obligation to compensate the plaintiff.

The trial court relied upon our holding in Flowers v. Independent Sch. Dist., supra, 235 Iowa 332, 16 N. W. 2d 570, but that decision does not purport to rule our decision in this case.

The judgment is reversed.—Reversed.

OLIVER, GARFIELD, WENNERSTRUM, HALE, MULRONEY, and MANTZ, JJ., concur.

SMITH, J., specially concurs.

MILLER, J., dissents.

SMITH, J. (specially concurring)—I concur in the majority opinion but feel something further should be said concerning our decision in Flowers v. Independent School District, 235 Iowa 332, 16 N. W. 2d 570. That case was an action in mandamus to require the school board to provide transportation for plaintiff's children under the provisions of section 4233.4, Iowa Code, 1939. This section, applicable to independent districts, may be said to correspond in a general way with Code section 4179, which pertains to consolidated districts. They constitute the authority for the operation of school buses.

But in each type of district there necessarily arises the question of what duty is owed to the pupils not on the regular bus route and yet far enough away from school to entitle them to transportation under the statute. In the case of con-

solidated districts this situation is expressly taken care of by section 4181, Iowa Code, 1939. There is no equivalent statutory provision covering independent districts. Consequently, in the Flowers case we were required to say whether the operation of a bus nine-tenths mile from plaintiff's residence constituted a reasonable compliance with Code section 4233.4. In view of ODT restrictions, we held the compliance reasonable.

Here we have an analogous situation in a consolidated district with the bus a mile away. But the statutory provision (Code section 4181) says:

"It [the board] shall allow a reasonable compensation [to the parent or guardian] for the transportation of children to and from their homes to connect with such vehicle * * *."

It applies in cases in which the children live an *"unreasonable distance from school"* and, of course, off the regular route. There is no occasion for a determination whether the operation of the bus a mile away is a reasonable compliance with Code section 4179. Section 4181 provides for an allowance of compensation if the parent or guardian is required to transport the children from home to the bus.

Because of the mandatory language of section 4181, plaintiff's right of recovery is not dependent upon a contract, express or implied, but upon the statute itself, since it seems to be conceded his child is one entitled to transportation under Code section 4179.

MILLER, J. (dissenting)—I am unable to agree with the majority opinion herein and respectfully dissent. As stated by the majority, the trial court relied upon our holding in Flowers v. Independent Sch. Dist., 235 Iowa 332, 16 N. W. 2d 570, but the majority states that that decision does not purport to rule our decision herein. In this I feel that the majority is in error. While the same identical question was not involved, there was very forceful language in the Flowers opinion which seems to be controlling here. I think that the Flowers case was correctly decided, that we should adhere to the position there taken, and that the trial court was right in its interpretation thereof.

In the Flowers case the statute was mandatory, as it is here. In that case as here bus transportation was curtailed to comply with orders of the ODT. In the Flowers case the curtailment required plaintiff to use other means of transportation for nine tenths of a mile to the bus route. Here it was alleged to be one mile. In the Flowers case, the mandatory duty to transport school children was imposed as to those living two and one-half miles or more from school. Section 4179, Code, 1939, involved herein, imposes a mandatory duty to provide transportation for children living more than a mile from school. In each case, therefore, had the child lived the same distance from the school that it did from the bus route, there would have been no duty to provide transportation.

In the Flowers case we stated, at page 334 of 235 Iowa, page 571 of 16 N. W. 2d:

"The purpose of the statute is to afford children living two and one-half miles or more from school substantially the same educational advantages as those living nearer. However, we do not think it should be strictly construed as requiring in all cases that a school bus stop at a point in the highway in front of the home of each child to permit him to enter or leave the bus. Within reasonable limits and without unreasonable discrimination, the board may determine the route and the times and places for bus stops to receive or discharge passengers. The statute should be given a reasonable and practical construction so that, without unnecessary burden to the school district, all children entitled thereto may be furnished transportation as nearly complete as is reasonably possible."

In so holding, this court quoted with approval the following language from the case of State ex rel. Brand v. Mostad, 28 N. D. 244, 248, 148 N. W. 831, 832, to wit:

" * * * the only questions to be determined are whether the language * * * which provides for transportation 'to and from school,' is to be strictly construed so that in all cases children must be actually conveyed from their house doors

to the doors of the schoolhouse, or whether a reasonable discretion in such matters has been left with the school board. Also, whether, if such discretion exists, there was an abuse thereof in the case at bar.

"We are firmly of the opinion that the legislative intention was that actual transportation from the door of the home to the door of the schoolhouse should only be furnished as far as the same was reasonably practicable. In other words, that, though the statute is mandatory and cannot be avoided, it should be construed as if passed by reasonable men, and should be interpreted according to its spirit rather than according to its letter. * * *

"It must have been the intention of the legislature that some reasonable discretion should be exercised in the matter, and that, though conveyance from the house to the schoolhouse should be furnished as nearly as is reasonably possible, the letter of the statute should not be made the pretext for absurd and unreasonable exactions."

The trial court considered that the foregoing language recognized that the board had some discretion in complying with the mandatory requirements of the statute. By analogy the trial court determined that the same basic principle should apply to the compliance with the mandatory requirements of section 4179, Code, 1939. I think that the trial court was right.

The existence of such discretion is important here in determining whether plaintiff can recover without having made any demand on the school board before he furnished the transportation for which recovery was denied below. The majority opinion quotes from our opinion in the case of Dermit v. Sergeant Bluff Cons. Ind. Sch. Dist., 220 Iowa 344, 261 N. W. 636. That case is not in point. There the demand was made and refused before the transportation was furnished. That is not true here. Plaintiff did so plead, asserting, "this defendant failed to provide adequate transportation and after demand by the plaintiff for said transportation and refusal by said defendant, this plaintiff furnished, and continues to furnish, transportation for said child, a distance of one mile per day to the nearest connecting point with a school bus of

said district." Had these facts been proved, then recovery would be warranted under our holding in the Dermit case. The prior demand and refusal would have constituted the basis for an implied contract to be enforced by the courts. But, in the absence of a prior demand and refusal, plaintiff must be deemed a volunteer. The trial court so held. I think it was right.

In so holding the trial court relied upon the case of Noble v. Williams, 150 Ky. 439, 150 S. W. 507, 42 L. R. A., N. S., 1177, wherein the court stated:

"According to the allegations of the petition the appellants, the plaintiffs, were hired to teach the public school in Jackson, Kentucky, for the fall term of 1908. The school board failed to pay rent for the schoolhouse, to buy the coal, to furnish the seats, crayons, blackboards, and the like, incident and necessary to the conduct of the school. Plaintiffs allege that they, in order to conduct the school, were obliged to and did pay the rent and buy the supplies. They allege no request by the school board that they should do so, nor any promise by the board to reimburse them. They sought to recover nevertheless, against the appellee board for these expenditures. The circuit court sustained a demurrer to their petition, and they appeal.

"The circuit court was right. The teachers, in contracting and paying these obligations, were volunteers. No man entirely of his own volition can make another his debtor. The school board could have been required by mandamus, at the suit of any proper party, to furnish a place for the conduct of the school. The teachers had no right to supply it themselves, and then recover the rent. They had their teaching contract; and if the board made it impossible for them to teach by failing to furnish a place for conducting the school, they had their right of action on their contract, subject to the customary principles involved in such cases. They adopted neither of these courses, but instead voluntarily paid an obligation which was not theirs."

It seems to me that the trial court correctly ruled that plaintiff herein, in furnishing transportation without first con-

sulting the school board, acted as a volunteer and that there was no basis for raising an implied promise to pay for the transportation voluntarily furnished.

I would affirm.