SILVER LAKE CONSOLIDATED SCHOOL DISTRICT, Appellant, v. JESSIE M. PARKER, State Superintendent of Public Instruction, et al., Appellees.

No. 46988.

OCTOBER 14, 1947.

L. E. Linnan, of Algona, George C. Murray, of Sheldon, and D. M. Kelleher, of Fort Dodge, for appellant.

John M. Rankin, Attorney General, R. G. Yoder, First Assistant Attorney General, and Oscar Strauss, Assistant Attorney General, for appellees.

HALE, J.—This is a suit for a declaratory judgment brought by plaintiff Consolidated School District in its own behalf and in behalf of all other school corporations similarly situated, for the, purpose of securing a judicial determination of the powers, duties, and responsibilities of such school corporation in regard to the transportation of rural school children who attend private schools and live along established bus routes. The action is brought in two counts.

Count one asks for a declaratory judgment determining whether it and similar school corporations have the power, right, and duty to provide transportation for every child of· school age living within said corporation more than a mile from said consolidated school, where some of said children so transported do not attend said consolidated school but attend a private school within walking distance therefrom; and also asks a declaratory judgment and decree that plaintiff's right to reimbursement under chapter 285, 1946 Code of Iowa, will not be forfeited or lost by reason of the transportation of such children.

In count two plaintiff asks a declaratory judgment, as before, to permit the transportation of children living in the district and more than a mile from the school who attend a private school, upon the condition that the parents of said children pay the pro rata cost of such transportation, and that the right to reimbursement of the school district will not be forfeited or lost by so doing. Further asking, under said count, that the said declaratory judgment determine that plaintiff or similar corporations have power to make contracts, including leases, under which school busses may be jointly operated to carry both public and private school pupils in the same busses, on the same schedules, and over the established routes, prorating the cost of pupil transportation, avoiding duplication of transportation facilities, and at reduced cost for transportation of the public school pupils. To the plaintiff's petition there was filed a motion to dismiss, which was sustained generally. Thereupon, the plaintiff elected to stand on its petition and not to plead further and to suffer judgment. Judgment of dismissal and for costs was then rendered.

The questions presented on this appeal and raised by the motion to dismiss are: What are the powers, rights, duties, and responsibilities of such school corporation in regard to the transportation of school children who attend private schools?

No evidence was taken. In the discussion hereinafter references to the Code are to the Code of 1946, unless otherwise stated.

Chapter 133, Acts of the Fifty-first General Assembly, now incorporated in the 1946 Code as chapter 285, provides that every school district required by law to furnish free transportation to pupils shall be reimbursed by the state for the transportation costs incurred to the amount and in the manner provided by such chapter. After prescribing the basis upon which such reimbursement shall be made, the pupils embraced within the provisions of the statute, the officials by whom the act shall be administered, and specifically imposing the power and the duty upon the state department of public instruction to exercise general supervision over the school transportation system in the state, the act specifically imposes upon the local school boards this particular power and duty to: ''Provide transportation for each pupil who attends public school, and who is entitled to transportation under the laws of this state.'' Section 285.10(1).

Further, in the same chapter the law provides, in section 285.15:

''The failure of any local district to comply with the provisions of this chapter or any other laws relating to the transportation of pupils, or any rules or regulations made by the state department of public instruction under this chapter or the final decisions of the county board of education, or the final decisions of the state department of public instruction shall cause such district to forfeit any rights to reimbursement for any transportation costs incurred during the period such failure to comply existed.''

To carry out the cost of administering the act an appropriation was made by the legislature.

The motion to dismiss concedes the facts alleged in plaintiff's petition. For many years the plaintiff consolidated school corporation maintained and operated a consolidated school in

the town of Ayrshire, Palo Alto county, and provided suitable transportation to and from the consolidated school in the plaintiff district for all children of school age living more than one mile from said school, including pupils who attended a parochial school in Ayrshire which was operated and conducted in conformity with the laws of the state of Iowa applicable to private schools.

It is claimed by plaintiff, in its petition, that the cost of such transportation is not substantially increased by reason of the transportation of children who attend the private school, and the busses, by reason of the transportation of such children, do not deviate from the duly established and approved routes; that the said school district has incurred costs for transportation which amount to a substantial sum; that the school board has contracted with suitable persons for the transportation of children of school age to and from school, including children attending private school, and would continue to incur costs for transportation were it not that the defendants had announced and declared that under the provisions of section 276.26 of the Code the plaintiff-appellant district was authorized only to transport children of school age who attended the plaintiff-appellant's consolidated school, and was not authorized or permitted to transport children who attend a private school located within walking distance from the plaintiff consolidated school. It is further stated that the defendants had warned the plaintiff and officially declared that warrants would not issue or be paid to reimburse the plaintiff district for any of its cost for transportation of any of the children of school age who attend a private school, and that they will not issue or pay any warrants for any part of the costs incurred for the transportation of children to either public or private school, where they are transported in the same vehicle. In other words, that the defendants construe the law to mean that such law authorizes only the transportation of children of school age who attend the consolidated school.

The plaintiff-appellant's first proposition of error is that the trial court, with its order sustaining the defendants' motion to dismiss count one of plaintiff's petition, erred in holding that

any appropriation for the cost of transportation of children who attend private school would be in contravention of applicable statutes, and erred in construing and applying the statutes, including Code section 276.26.

The plaintiff argues that as a matter of law the true construction of the compulsory-education statute provides for the same right to attend either private schools or public schools, and the statutes authorizing transportation of every child of school age are expressions of legislative policy to provide, at public expense, for the transportation of all children of the district attending both private schools and public schools. Plaintiff argues that the true construction and meaning of section 276.26, requiring the board to provide "suitable transportation * * * for every child of school age", based upon its language, legislative history, and relation to other statutes, including those pertaining to compulsory school attendance, necessitates a construction and conclusion contrary to that contended for by defendants, and stated in the grounds of their motion to dismiss, which was erroneously sustained.

On the other hand, the defendants argue that the statutes of Iowa limit the power and duty of a consolidated school district to the furnishing of transportation to children attending a public consolidated school. These are, in substance, the issues in this case.

I. The laws of Iowa relating to education are found in Title XII of the Code, being chapter 257 to chapter 305, inclusive. They constitute, in general, what may be termed the school code, and contain practically all of the statutes having relation to the public school.

Schools are distinguished in section 280.2:

"The expression 'public school' means any school maintained in whole or in part by taxation; the expression 'private school' means any other school."

The affairs of the public schools are administered by a school board, and such schools are organized into districts for the purpose of management, control, and government. The powers of the board of education or directors, as laid down in the Code, apply only to the public schools, except as otherwise

stated. "School district" has been variously defined. It is a quasi corporation, a creature of the legislature, and is endowed only with powers bestowed upon it by statute. Bruggeman v. Independent Sch. Dist., 227 Iowa 661, 289 N. W. 5. It is defined as a political or civil subdivision of the state for the purpose of aiding in the exercise of that governmental function which relates to the education of children. Landis v. Ashworth, 57 N. J. Law 509, 31 A. 1017. Is a district of and for the public schools—Smith v. Donahue, 202 App. Div. 656, 195 N. Y. Supp. 715. The term "school district" clearly has reference to the public school system, with which alone school districts have to do. Charles Scribner's Sons v. Board of Education, 7 Cir., Ill., 278 F. 366.

The only powers of the school district are those expressly granted it or necessarily implied from the statutes by which it is governed and restrained in the exercise of such powers in performance of its duties. Courtright v. Consolidated Ind. Sch. Dist., 203 Iowa 26, 212 N. W. 368; Bellmeyer v. Independent Dist., 44 Iowa 564.

In substance, plaintiff's argument is as follows: It urges that Code section 276.26 expressly provides that every consolidated school district shall furnish transportation for every child of school age living within the district and more than one mile from the school, giving as a reason therefor that compliance with the compulsory-education act in a consolidated school district is dependent upon transportation being furnished; that the history of consolidated school legislation in Iowa is that all children of school age are to be transported; that taxation for transportation cost is based on the number of children living in the district and not upon the number attending consolidated school. It argues that this section (4179 of the Code of 1939) was not repealed by chapter 133, Acts of the Fifty-first General Assembly, now chapter 285, Code of 1946; that the compulsory-education act clearly shows that the legislative intent is that all children of school age shall be transported at public expense; that a series of statutes dealing with compulsory education, re-enacted for a generation, have required throughout the same provision for transportation of pupils of

public and private schools of every child of school age. Its argument throughout is based upon the theory that the compulsory-attendance law, carrying with it the duty to educate all over seven and under sixteen years of age, also carries with it the corollary that such children shall be provided, under the transportation law, with the means of attendance upon school.

The compulsory-attendance law is found in section 299.1 of the Code, and provides:

"Any person having control of any child over seven and under sixteen years of age, in proper physical and mental condition to attend school, shall cause said child to attend some public or private school for at least twenty-four consecutive school weeks in each school year, commencing with the first week of school after the first day of September, unless the board of school directors shall determine upon a later date, which date shall not be later than the first Monday in December.

"The board may, by resolution, require attendance for the entire time when the schools are in session in any school year.

"In lieu of such attendance such child may attend upon equivalent instruction by a competent teacher elsewhere than at school."

II. Plaintiff argues that this section does not require school children to attend public schools but that they may attend private schools, and it urges that the word "transportation" makes the right which parents have to educate their children in a private school to be hollow and meaningless unless they have the right to be transported, and insists that the state did not attempt, by the creation of the consolidated school and the closing of local schools, to make compliance with the compulsory-education act possible only on the condition that all children in rural areas attend the public schools.

Of course, there is no requirement in this state making attendance upon the public school compulsory, or denying the right of the parent to select a private school if he so desires. In support of this argument plaintiff urges that, as originally enacted, section 1, chapter 128, Acts of the Twenty-ninth General Assembly, contained the provision that it should not apply to any child who lives more than two miles from any school

by the nearest traveled road, except in those districts where the pupils are transported at public expense; and it further argues that since the consolidated-school statute later enacted refers to all children of school age, the legislative policy of the state has consistently recognized the state's interest in the training of all youth, private as well as public school pupils, in the elementary subjects sought to be taught in the elementary schools.

Under the statutes of this state we are not inclined to agree with the plaintiff that funds may be appropriated for transportation of children other than those in the public schools. The question of transportation of private school pupils has never been directly passed upon by this court. Various cases in relation to that subject, cited by both plaintiff and defendants, in no way refer to the question of whether or not the children involved were in attendance upon the public schools, but the fact that the board of directors in the various districts in the cited cases have control only of the public school and the public school pupils indicates that the children in those cases were those in attendance upon the public schools. See the case of Dermit v. Sergeant Bluff Consol. Ind. Sch. Dist., 220 Iowa 344, 261 N. W. 636, and the recent case of Harwood v. Dysart Consol. Sch. Dist., 237 Iowa 133, 136, 21 N. W. 2d 334, 335, cited by plaintiff. The latter case, decided in 1946, cites approvingly the following language from the Dermit case, supra:

" 'It might be said at this point, after reading the various statutes involved in this controversy, that they carry on their face the public policy of the state, which is to furnish to all children opportunity for an education at the public schools; and also that in the statutes governing these matters as to consolidated school districts, it was the intention of the legislature that all children who live more than a mile from the school were to be transported at the expense of the district, and the duty of so transporting the said children was placed upon the district.' "

This statement undoubtedly refers only to pupils of public schools.

We may agree with the proposition of the plaintiff that the duty of transportation placed upon the school board is mandatory, but mandatory only as to pupils under the jurisdiction of such boards. That is, the pupils of the public school, with whom only is the school board concerned. The board of the consolidated school district is not required, by law, to exercise jurisdiction over private schools, except in the few instances required by statute. Examples of such special requirements are sections 280.4 to 280.8, inclusive, relating to flags upon schoolhouses, teaching subjects in the English language, teaching American citizenship and constitution and American history; also sections 299.3 and 299.4, reports as to private schools, and section 299.1, the compulsory school law.

We believe that the school laws of the state concern only the public schools, unless otherwise expressly indicated, and do and can apply only to the schools within the purview of the school statutes, or under the control or jurisdiction of the school officials, and that this would apply to transportation.

III. While we believe that all the school laws refer to the public schools only, except where otherwise expressly indicated, we are satisfied also that the power of local boards to provide for transportation is limited strictly to those who attend public schools.

We have referred to section 285.10, providing for transportation of those who attend public schools. Since the obligation to transport is purely statutory the power to transport must be governed by the provisions of the statute. Limiting the power of the local board to provide for the transportation only of those who attend public school necessarily eliminates the transportation of others. As stated, plaintiff claims that section 4179 of the Code of 1939, now section 276.26, was not repealed by chapter 133, Acts of the Fifty-first General Assembly, now chapter 285, which contains the limitation on the power of the local board. Plaintiff cites various cases about which there can be little question in support of its proposition that repeals by implication are not favored by Iowa courts. This argument, however, can be true only in the event that this provision of the statute, relative to the power of the school board, does not contradict plaintiff's theory that all pupils are to be transported.

994

But, if plaintiff's theory is correct, then the statute, section 285.10, expressly contradicts the former provision and the later statute must prevail. Clearly, if section 285.10 does not contradict previous statutes, but is in conformity therewith, then plaintiff's theory that the former statute applies to private school pupils as well as public school pupils cannot be correct. Otherwise, they are in direct conflict and the later statute controls.

Plaintiff devotes a considerable part of its argument to the legislative history of the transportation laws, but we are satisfied that chapter 133, Acts of the Fifty-first General Assembly, containing the present enactments, constitutes the legislative law upon that subject, necessarily including what was in the former statute. See State v. Cowen, 231 Iowa 1117, 3 N. W. 2d 176; DeShaw v. South Fork Twp. Sch. Dist., 231 Iowa 27, 300 N. W. 650, where it is held that in order to work a repeal by implication of an old law by a new one there must be an absolute repugnancy between the two. See, further, Henderson's Tobacco, 11 Wall. (U. S.) 652, 20 L. Ed. 235; Hahn v. Clayton County, 218 Iowa 543, 255 N. W. 695; State v. Shaw, 28 Iowa 67; Edgar v. Greer, 8 (Clarke) Iowa 394, 74 Am. Dec. 316; State v. Smith, 7 (Clarke) Iowa 244; Casey v. Harned, 5 (Clarke) Iowa 1.

We believe, with the plaintiff, that the transportation statutes were not repealed by the enactment of chapter 285, but that the original law referred only to public school pupils, and this is emphasized by the express use of such words in section 285.10(1), in relation to the power and duty of a local board to provide transportation. The use of the words "and who is entitled to transportation under the laws of this state" means those who live more than one mile distant from the school. Our holding is that the statute limits the transportation to public school pupils.

IV. Plaintiff, in argument, cites section 298.4 relating to the authority given to the school boards to include in their estimates not to exceed $5 for each person of school age, for transporting children to and from school, when authorized by law. We see no difference between this and any other school tax except for the purpose for which it may be expended. School taxes are levied against the property of the parents of those attending public school and the parents of those attending pri-

vate school and the property of all others. No one is disputing that such taxes are properly levied and paid, nor is the question made that they should not be paid, in view of the express policy of the state in the support and maintenance of public schools, nor can there be any suggestion that such funds, or any part thereof, should be paid over to private schools.

V. Count two of plaintiff's petition asks that pupils attending parochial school may be carried in the regular school busses at their parents' expense, and cites the following provision of the Iowa Code, section 282.13, formerly section 4274.06 of the 1939 Code:

"The board may permit pupils enrolled in the secondary grades or any other pupils that are not entitled to free transportation to avail themselves of the transportation facilities provided their parents pay the pro rata cost of such transportation."

This section was originally a part of chapter 59, Acts of the Forty-fifth General Assembly, enacted in 1933, which, so far as it is necessary for the determination of its purpose and effect, is as follows:

"CHAPTER 59
"SCHOOL FACILITIES AND TRANSPORTATION
"H. F. 46

"AN ACT to authorize the school board in one or more districts to enter into a contract jointly or individually with the board of another district to provide for elementary school facilities including transportation under certain conditions for the children of their respective districts.

"Be it enacted by the General Assembly of the State of Iowa:

"SECTION 1. For the purposes of furnishing elementary school facilities to the children of school age within the district, the board of one or more such districts may enter into a contract for such facilities, jointly or individually, with the board of one or more school districts where such facilities up to and including the eighth grade are approved by the superintendent of public instruction; provided that such schools are the most conveniently located with respect to the children to be accommodated."

Section 2 refers to the nature and terms of such contract.

"SEC. 3. When a board contracts for such facilities, it shall also contract for suitable transportation to such school for all children of school age from kindergarten to eighth grade, inclusive, living two (2) miles or more from such school. When a board contracts to furnish its school facilities to the children of another district, as provided herein, it may also contract to furnish transportation to such children, provided it is reimbursed to the extent of the prorata cost of such transportation and has adequate and suitable transportation facilities.

"SEC. 4. The board may permit pupils enrolled in the secondary grades or any other pupils that are not entitled to free transportation to avail themselves of the transportation facilities provided their parents pay the prorata cost of such transportation."

Section 5 provides the boards of two or more districts may purchase a suitable transportation bus and contract for a driver, the cost of which is to be distributed among the districts authorizing the same. Section 6 refers to the measurement of the distance to the school. Section 7 is a provision that a contract entered into, as provided by this act, will not be construed as in any way impairing the corporate identity of the contracting districts nor as affecting the legal powers of the respective boards, as specifically set out in this act, nor as entitling any person to a right of reversion in any schoolhouse site.

The sections of the original act, with few changes, now appear as sections 282.10 to 282.16, inclusive, Code, 1946. An examination of these sections shows that they are for a special purpose only; that they apply only when a contract has been entered into between districts, and are not operative otherwise. The fact that these provisions are embodied in the general Code does not make them of general application. See Jones v. Mills County, 224 Iowa 1375, 279 N. W. 96, and cases cited, holding that a mere rearrangement of statutes in Code revision, or dividing one section into several sections, does not, without legislative intention, change the purpose, operation, and effect thereof. We hold that this statute can have no applica-

tion other than on the conditions stated therein. This limitation, together with the restriction upon the powers and duties of the local boards heretofore mentioned, prevents any such transportation if paid for by the parents of the pupil. Our holding must be, as to count two, that the district court was right in sustaining defendants' motion.

VI. Much of the argument of plaintiff is based on the theory that the use of the word "all" in various parts of the school laws embraces pupils of both public and private schools, but the school laws of the state providing for a system of public schools, with the provisions throughout that they are to be administered by the various school officers of the state, refer only, except where otherwise stated, to the public schools. As so construed, plaintiff's argument must fail.

The public schools are those which the state undertakes, through the various boards and officers, to direct, manage, and control, and the statutes relating to transportation of pupils, read in the light of such duty and obligation, must necessarily apply only to such public schools. To place private schools upon the same basis as the public schools would open up a system of control of such private schools such as would tend to authorize the management and government of those schools by the state— a result in no way sought, either by those in control of the state public schools or of the private schools.

Various other matters were suggested and argued. No constitutional question was raised in the district court by plaintiff, but defendants assert that a judgment such as is sought by plaintiff would be unconstitutional. We need not review these questions, since we hold that under our statutes the plaintiff school district has no authority to transport any other than public school pupils, and has no right to reimbursement, and it is unnecessary to consider other questions raised in argument.

We are satisfied that the district court was correct in dismissing plaintiff's petition, and the action of the district court as to such dismissal is affirmed.—Affirmed.

OLIVER, C. J., and BLISS, GARFIELD, SMITH, MANTZ, MULRONEY, and HAYS, JJ., concur.