85 N.W.2d 540 (1957)
W. M. HARE, Appellant,
v.
The BOARD OF DIRECTORS OF THE SCHOOL TOWNSHIP OF BOYER TOWNSHIP IN THE COUNTY OF HARRISON, State of Iowa, Appellee.
No. 49243.
Supreme Court of Iowa.
October 15, 1957.
Roy E. Havens, and Carl V. Burbridge, Logan, for appellant.
Michael Murray, Logan, for appellee.
SMITH, Justice.
Plaintiff is a resident taxpayer in subdistrict 6 of Boyer School Township in Harrison County, Iowa. Defendant is the Board of Directors of the School Township which has nine subdistricts.
Plaintiff questions the legality of defendant Board's action in two respects: (1) In purchasing a school bus for transporting pupils in subdistricts 5, 6 and 8 to and from the school in subdistrict 8; and (2) in removing the schoolhouse from subdistrict 6 and making it a part of a two-room schoolhouse in subdistrict 8. He appeals from the trial court's adverse decision.
There are no issues of fact. The acts complained of were voted at Board meetings in the summer of 1956. The school building in subdistrict 5 had that spring been damaged by fire and rendered unusable without extensive repairs. The school in subdistrict 6 had been closed for lack of pupils since the first three months of the 1955-1956 school year. Its schoolhouse had already been moved to subdistrict 8 before the instant proceeding was started.
No testimony was taken. The facts were stipulated subject to objections, as to some, on the grounds of immateriality and irrelevancy. The trial was to the court.
*541 The trial court concluded: That under Code section 297.1 the defendant Board had power to "fix the site" for each schoolhouse; that the removal of the schoolhouse from subdistrict 6 to subdistrict 8 did not constitute a "sale, lease, or other disposition" requiring, under code section 278.1, subd. 2, a vote of the electors; also that under other code sections the Board had power to purchase a bus; and there are pupils residing in subdistricts 5, 6 and 8 entitled to transportation under code section 285.10; also that such power was not limited by subdivision 8, par. b, of Code section 285.10, providing "in substance, that a rural township board shall have the power to purchase a bus for the purpose of transporting children to schools outside the district."
I. We agree with the trial court that the defendant Board had power to move the schoolhouse from subdistrict 6 to subdistrict 8. We are not disposed to rest the decision upon appellee's argument that the question had become moot because the removal had become an accomplished fact before the case was commenced.
We prefer to meet plaintiff's contentions head-on, as does defendant in other parts of its brief. Plaintiff argues that "defendant Board has no powers except those conferred by statute, either expressly or by necessary implication," citing: 47 Am.Jur. (page 306, section 13, and page 324, section 42); Bopp v. Clark, 165 Iowa 698, 147 N.W. 172, 52 L.R.A.,N.S., 493; Andrew v. Stuart Sav. Bank, 204 Iowa 570, 215 N.W. 807; and Silver Lake Consolidated School District v. Parker, 238 Iowa 984, 29 N.W.2d 214, 217.
These citations relate to the authority of the School Township, as a corporation of limited powers"those expressly granted it or necessarily implied from the statutes by which it is governed and restrained in the exercise of such powers in performance of its duties," Silver Lake Consolidated School District v. Parker, supra. Their soundness cannot be doubted. But a wide diversity of opinion may be expected in the field covered by the words "necessarily implied."
There is, of course, a difference between a contention as to the power of a district, and one concerning the power of its Board of Directors acting without vote of its electors. The two actions here were undoubtedly within the District's authority but the real contention concerns the Board's power to act without special authority from the electors.
II. As to the purchase of the school bus we think there can be no doubt of the validity of defendant Board's action. Code section 285.10 provides: "The powers and duties of the local boards shall be to:
"1. Provide transportation for each pupil who attends public school, and who is entitled to transportation under the laws of this state.
"2. Establish, maintain and operate bus routes * * * so as to provide for the economical and efficient operation * * *, and to properly safeguard the health and safety of the pupils transported.
"3. Purchase or lease busses and other transportation facilities * * *."
This statute was amended by the 53 G. A. Ch. 116, § 8, adding several additional subdivisions. One, subdivision 8, par. b, provides: "Board in rural township districts desiring to close schools and transport children to schools outside (emphasis supplied) [the] district may apply to the county board of education * * *."
Manifestly this amendment does not apply since all changes here were among subdistricts within the school township. Nor does it imply a limitation upon the powers prescribed in previous subsections. Rather it provides a method for rural township schools to transport to schools outside the township.
We find no limitation upon boards of school townships as to rearrangements between *542 sub-districts under the control of the township school board.
Nor do we find any reason for requiring a township school board to obtain special permit or authority from the electors or county board to purchase and operate a school bus within the township district.
III. Much we have said is applicable to the closing of subdistrict 6, and removal of its schoolhouse to subdistrict 8, to increase the facilities there and serve the three sub-districts 5, 6 and 8.
Code section 274.8 provides: "The board of any school township may, by a vote of a majority of all the members thereof, * * * divide the school township into subdistricts such as justice, equity, and the interests of the people require, and may make such alterations of the boundaries of subdistricts heretofore formed as may be deemed necessary."
We find no statute or decision indicating that subdistricts are separate entities or owners of separate property or rights. They are parts of the district township which is separated into subdistricts for purposes indicated by the language of the statute 274.8 above quoted. The subdistrict has no corporate existence and no governing body except the township school board. It elects a member of the board of directors but its affairs are administered and governed by the township board.
Code section 279.11 provides that "the board of directors shall determine the number of schools to be taught, divide the corporation into such wards or other divisions for school purposes as may be proper * * *." In fact we think the subdistricts of a school township are fairly comparable in most respects to wards in an independent district.
We conclude the actions of defendant Board complained of here were within its powers. Code section 274.2 makes "the provisions of law" applicable "alike to all districts, except when otherwise clearly stated" and provides "the powers given to one form of corporation, or to a board in one kind of corporation, shall be exercised by the other in the same manner, as nearly as practicable." Defendant's motion to dismiss appeal is denied.
It may be admitted our school statutes are not in an ideal state of clearness and are far from perfect but there seems no doubt of the correctness of the trial court's decision here.
Affirmed.
All Justices concur.